AZEL INGALS AND LEAFY INGALS HIS WIFE *v.* ISRAEL BROOKS AND CLARK BROOKS.

*Conveyance of land to secure payment of the grantors' debts. Payment by grantee. Fraud.*

I. B. conveyed his real estate to C. B., in consideration of which C. B. agreed to pay all I. B.'s debts, among which was one due to the plaintiffs. Upon being called upon to pay the plaintiffs' claim, C. B. claimed to have an offset, but, by a compromise, he paid one-half of the plaintiffs' claim, and released his offset, intending it as a full satisfaction. The plaintiffs sued I. B. for the other half, and, by his consent, but without the knowledge of C. B., obtained a judgment against him for it, and an execution which he levied upon a portion of the premises conveyed to C. B. *Held* that the land was not subject to such levy, the conveyance of it from I. B. to C. B. not having been designed to defeat the plaintiffs' claim as a creditor; and that the judgment should be regarded either as a debt against I. B., accruing subsequent to the conveyance, for the payment of which neither C. B. nor the land were holden, or else as a fraud upon the defendants' compromise and settlement.

EJECTMENT for lands in Chester. The defendant, Israel Brooks, did not appear; Clark Brooks plead the general issue, which was tried by the court at the December Term, 1856,— UNDERWOOD, J., presiding,— when the following facts appeared:

The plaintiff, Leafy Ingals, formerly Leafy Brooks, held a note against the defendant, Israel Brooks, dated November 13, 1845, for ninety dollars, and interest. On the 14th of September, 1846, Israel Brooks conveyed to his son, the defendant, Clark Brooks, all his real estate, including the premises sued for, which the said Clark took immediate possession of, and upon which he thereafter resided down to the time of the trial, his father, Israel Brooks residing there with him. At the time Clark Brooks took possession of the premises, and for about one and a half years thereafter, the said Leafy boarded in his family, and made it her home there, and during the time was sick some, and also during the time did some work for the said Clark and the rest of the family. When Clark Brooks took said deed of his father, and as part consideration therefor, he agreed to pay all the debts of the said Israel, including a mortgage debt then on the premises, amounting, at the time, to some six or seven hundred dollars. Sometime after the plaintiff, Leafy, had left the family of Clark Brooks, the plaintiffs and one Wakefield, who held the note as security, went with it to said

Clark and requested him to pay it, they knowing that he had obligated himself to pay all the debts of his father. The said Clark admitted his liability to pay his father's debts, but insisted he had already paid said note by boarding and taking care of Leafy, or that he had claim enough against her for such board, care, &c., to more than pay the note, and that, therefore, he ought not to pay any part of it. After considerable negotiation about the matter, it was finally agreed between the plaintiffs and Clark, with the consent of Wakefield, that Clark should pay one half of the note, and that it should be given up, and also the claim of said Clark for board, care, &c., of said Leafy. In pursuance of this agreement one half of said note was paid and the note given up to Clark, to be cancelled, who has ever since kept it. Clark had paid all the debts of Israel, except the mortgage debt on the farm, and that he had paid in part. Before the compromise between the plaintiffs and Clark, above named, the said Israel told the plaintiffs to get what they could out of him on said note, and the balance of said note he would pay; and afterwards a suit was commenced and prosecuted against said Israel, and a judgment obtained for the other half of said note, upon which judgment an execution was issued and levied upon the land described in the declaration, which the plaintiffs claimed to hold under and by virtue of said levy. It was conceded that Clark Brooks had no knowledge of the directions and promise of Israel, or of the suit, until long after final judgment against said Israel.

Upon the foregoing facts the court rendered judgment, *pro forma*, for the plaintiffs, to all which the defendant excepted.

*S. Fullam*, for the plaintiff. ·

*W. Rounds* and *Converse & Barrett*, for the defendant.

The opinion of the court was delivered by

REDFIELD, Ch. J. This levy being made upon the hypothesis that the title of the land, as to these plaintiffs and Clark Brooks, was still in Israel Brooks for the purpose of paying this debt, it becomes the cardinal question in the case, whether this view of the case is sound.

In order to entitle a creditor to levy upon property of his debtor,

after sale and conveyance of such property, it is necessary to show that he was a creditor at the time of the conveyance ordinarily, and that his debt still subsists, not only as to the debtor, but also as to the vendee or grantee of the property.

He must also show, under the statute, that the sale and conveyance was made with the purpose of defeating or delaying that class of creditors to which the plaintiff belongs.

Now, in the present case, it seems difficult to establish these propositions in favor of the plaintiffs, without giving the case a forced and unnatural construction. The case states expressly that at the time of conveyance, "and as part consideration therefor," "said Clark agreed to pay *all* the debts of said Israel." This shows very clearly that it was no purpose of the conveyance to defeat the plaintiffs' claim. And it seems difficult to say there is any evidence in the case to show that there existed any such intention to delay the plaintiff in the collection of his debt as will render the conveyance inoperative under the statute as to him. It seems to have been an arrangement for the purpose of enabling the debtor, Israel Brooks, to pay off his debts at once.

But what seems to us entirely decisive of this part of the case is that the grantor, Clark Brooks, has actually paid this debt once, and the note was surrendered to him as evidence of such payment. This, so far as Clark Brooks is concerned certainly, extinguished the claim. If he had executed a bond to Leafy, one of the plaintiffs who held the note at that time, to pay this very note, and if the question were now before us on the facts found in this case, it would be impossible to maintain that Clark Brooks, after the surrender of the note, under the circumstances, was any longer liable upon the bond. It is not, indeed, claimed in argument even, as we understand, that he would be.

But it is claimed that Israel Brooks, having given a promise to pay what they could not get of Clark, and having suffered this judgment to go against him, the claim, as to Clark, is to be treated as existing at the time of the conveyance.

But it seems to us that the claim cannot fairly be treated as having any existence as to Clark Brooks or the property conveyed to him, and that the attempt to so treat it must be regarded as a legal fraud upon his rights under the conveyance.

The judgment being altogether *inter alios*, and in express violation of the understanding of Clark when he surrendered the claim against Leafy, one of the plaintiffs, and paid half the amount of the note in money, in agreed satisfaction of the whole, could have no effect upon the defendant Clark. He is entitled to show that the note was paid before sued, or that the judgment was, for other reasons, fraudulent as to him; *Atkinson* v. *Allen*, 12 Vt. 619.

This compromise of the note by Clark was just as effectual a bar to the claim, in law, and just as effectual a release of his undertaking to pay it at the time of the conveyance as if he had paid all the money upon it. He did then not only promise to pay all the debts of the grantor, but he has in fact paid them all except the mortgage which is not in question. And the judgment against Israel is either a subsequent debt, founded exclusively upon his promise to pay what they did not get of Clark, and which in no sense, under the circumstances, can be regarded as forming any portion of the debts which Clark was to pay; or else the whole proceeding, so far as it is attempted to give it the appearance of a prior claim, is a fraud upon the compromise and settlement made with Clark, and the consequent surrender of the note. And in either case it will not enable the plaintiff to treat the conveyance as void, and levy upon it as the land of Israel Brooks.

Judgment reversed. Case remanded.