JAMES BUCHANAN, SURVIVING PARTNER, v. PHILIP PADDLEFORD.

### Substitution. • Accord and Satisfaction.

A debtor cannot rely upon a parol agreement of another to pay his debt, such agreement being within the statute of frauds; but he must show in addition an actual substitution of the third person for himself by an arrangement of all the parties, or an actual compliance with the terms of the agreement; willingness to pay as agreed by the third person, and to receive the same of him by the creditor, is not sufficient.

BOOK ACCOUNT.  The auditors, to whom the case was referred, reported that the plaintiff's account was for shingle sold to the defendant in 1853, by the firm of Hutchins, Buchanan & Co. ; that James Buchanan is the only surviving partner, the other members of the firm having died in 1858 and 1859 ; that at the time of the sale of the shingle, John E. Chamberlin, Robert and Horace Morse, as partners, were in process of building the White Mountain Railroad, under a contract, and had underlet the building of two bridges on said railroad to one Marcy, and that the defendant was in Marcy's employ at the time of buying the shingle, and had the oversight of building said bridges, and the defendant purchased the shingle to be put on the bridges, and they were used for said purpose, and the plaintiffs knew the purpose for which they were bought, and that the defendant was in Marcy's employ, but the shingle were sold to the defendant on his credit, and charged and billed to him.  The defendant claimed that the shingle had been paid for by an arrangement between Hutchins and Chamberlin, and in relation to that, the auditors found that after Chamberlin and the Morses had taken the contract to build said railroad, Chamberlin saw Hutchins, and had a talk with him in relation to buying shingle for covering said bridges, and letting him have railroad bonds for his pay, and Hutchins replied that he would see, but no contract was made, and nothing further was said ; that this was before the defendant had bought the shingle ; that after he had bought the shingle in question, Chamberlin again saw Hutchins, and told him he must take railroad bonds to pay for said shingle, to which Hutchins replied, " All right," and

that was all that was said between them at that time, and no bargain was then concluded. This was in the spring of 1854. In the summer or fall of that year, the defendant informed Chamberlin that he had received a letter from Hutchins, Buchanan & Co., saying that those shingle had not been paid for ; and requested Chamberlin to see to it, and accordingly Chamberlin and the defendant went to Wells River to see Hutchins ; that Chamberlin had a talk with him alone, and in the course of the conversation, agreed with Hutchins that he would pay for said shingle in railroad bonds, and that Hutchins agreed to receive them in payment for the shingle, but no time was fixed or agreed upon in which they should be paid for, and it did not appear that on that occasion anything further was said or done between Chamberlin and Hutchins and the defendant, except when the two former came into the office where the defendant was, Hutchins told the defendant that he and Chamberlin had arranged about the shingle, and he might go home, and that thereupon the defendant, without replying or making any inquiries, left the office and went home. Chamberlin did not produce any railroad bonds at that time, and it did not distinctly appear whether he had any at his disposal at that time. No writing or memorandum was made at that time by either of the parties, and it did not appear that any had been made since. Chamberlin has not paid for said shingle, nor has he offered the bonds to Hutchins in payment for them, and Hutchins has not called on him for the bonds, although it appeared, from the testimony of Chamberlin, that he could have had them at any time, if he had called for them.

The court, at the June term, 1859, PECK, J., presiding, rendered judgment upon the report for the defendant, to which the plaintiff excepted.

*Leslie & Rogers*, for the plaintiff.

——————, for the defendant.

The opinion of the court was delivered by

PIERPOINT, C. J. It appears from the report of the auditors, and is conceded by counsel, that the defendant was originally indebted to the plaintiff in the sum found due by the auditors.

9

But it is insisted, on the part of the defendant, that he was discharged from his indebtedness to the plaintiff, in consequence of an agreement on the part of Morse, Chamberlin & Co., to pay the debt to the plaintiff, in bonds of the White Mountain Railroad Company, which the plaintiff agreed to accept, in payment, and that, upon the facts reported, the legal effect of such agreement was, to substitute this agreement on the part of Morse, Chamberlin & Co., in place of the debt due from the defendant to the plaintiff, and that the defendant was thereby discharged.

The arrangement was made between Chamberlin, on the part of said Morse, Chamberlin & Co., and Hutchins, who was one of the firm of which the plaintiff is the survivor. Chamberlin and the defendant went to see Hutchins in respect to this claim, and after the agreement was made, Hutchins told the defendant that he and Chamberlin had arranged the matter, and that he (the defendant) might go home. The defendant did not inquire what the arrangement was, and was not told, but left without having any knowledge on the subject. To make this agreement a substitution for the debt of the defendant, so as to discharge him, something more is necessary than that Chamberlin should agree to pay the debt in the manner specified, and Hutchins agree to accept the pay in that way. Such an agreement would be only a naked promise to pay the debt of another, and void under the statute. Yet this seems to be all that can be made of it, upon the report of the auditors; they fail to find any agreement between the parties to substitute the one for the other, or any facts from which an inference to that effect naturally arises. They say nothing was said upon the subject. There was no discharge of the defendant from his liability, and no agreement to discharge him; there was no transfer of the debt from the defendant to Morse, Chamberlin & Co., on the books of the plaintiff, but the whole matter, as between the plaintiff and defendant, was left just as it stood before the agreement, except that the plaintiff had agreed to accept of railroad bonds in payment of the debt, and had they been offered, would probably have received them in payment; but they were never paid, or offered to him. The auditors find that he could have had them if he had called for them. That he was not bound

to do. To make the agreement available to the defendant, it must appear that there was a substitution of one obligation for the other, or an actual compliance with the terms of the agreement. In the absence of either, the defendant fails to establish a defense, either on the ground of substitution, or an accord and satisfaction.

Judgment of the county court reversed, and judgment for the plaintiff for the amount found due by the auditors, with interest and cost.