### E. COREY & CO. v. OSCAR L. MORRILL ET AL.

*Corporation.  Voluntary Association.  Liability of Officers under Sec. 3279, R. L.  Estoppel.*

1. In order to affix a liability under sec. 3279, R. L., three things must concur: 1st. A corporation legally existing under the laws of the State. 2d. A debt contracted by such corporation. 3d. A failure to comply with the provisions of sec. 3278, before contracting such debt.

2. When articles of association under chapter 153, R. L., are signed upon the understanding that they shall not take effect until the happening of a certain contingency, they do not become effective, and no corporation exists until that contingency happens.

3. In such case a director, who is guilty of no act or omission by which the party extending the credit is misled, is not liable.

4. But where the defendant represented to the plaintiff that such corporation had been legally organized, and that he was a director, he is estopped from making this defense, and is liable.

This was an action of debt for goods sold and delivered, and certain notes given therefor, and upon sec. 3279, R. L., against Oscar L. Morrill, Joseph P. Lamson, W. W. Buchanon and Jason Britt, as director of the Cabot Carriage Company, and as partners.  Process was never served on Buchanon, he being without the State, and Britt died before trial.  Plea, the general issue, and trial by court at the September Term, 1887, Taft, J., presiding.

The court found the following facts :

"It appeared that for several years prior to 1878 said Buchanon and Britt and one A. P. Marshall had been engaged at Cabot in the business of manufacturing carriages under an arrangement tantamount to a partnership, sometime under the name of Marshall and Buchanon and later of "The Cabot Carriage Co." That in February, 1878, Lamson and Morrill were liable at the banks as endorsers or guarantors for said Cabot Carriage Co. to the amount of about ten thousand dollars, while at this time the company was in such a financial condition to the knowledge of the defendants that its credit was not first-class. That during the winter of 1877 and 1878 the scheme was devised and agitated by all the defendants and some others of forming a corporation by voluntary association under the general laws of the State, under the name of the Cabot Carriage Co.; in furtherance of which scheme frequent meetings were held culminating in a meeting held at the office of the Cabot Carriage Co., on the 18th day of February, 1878, at which meeting Britt, Buchanon, Lamson, Morrill and others were present ; said Britt was elected president and director, said Lamson vice-president and director, and Morrill director, and one Page, secretary and treasurer of said proposed corporation, and said Buchanon was appointed the general business manager of the concern. At this meeting said defendants and others attempted to organize the new stock company, and said Lamson drew up for them the by-laws, constitution and articles of association, which articles of association were agreed to by all the defendants and were signed. But the articles of association were not to take effect until certain things were done, which were never done and the articles never did take effect. But immediately afterwards Britt, Buchanon and Page commenced doing business in the name of the corporation and so continued until June, 1878, when the property of the concern was attached as the property of the old firm. At about the same time, in pursuance of said scheme, certificates of stock of the new corporation were issued, signed by the president and secretary as such, to various of the parties who had consented to take

stock and in return therefor some cash and notes were paid to the treasurer and used under the new arrangement in the prosecution of the business of manufacturing and selling carriages. The certificate to James W. Lyford, which was put in evidence, may be referred to. Lamson and Morrill both knew that they were elected directors and never refused to accept the positions or took any steps to repudiate their election. Lamson never became a stockholder and did not know that he was held out as a director until later than the year 1878. After said meeting of Feb. 18, 1878, Buchanon, Page and Britt proceeded with said business of buying materials and manufacturing and selling carriages as though a corporation had been regularly formed, new books of accounts were opened and said Morrill in company with said Buchanon visited the counting room of the plaintiffs in Portland, Maine, and both of them represented to the plaintiffs that a corporation had been regularly organized under the name of the Cabot Carriage Co. with a capital stock of $40,000 ; that Britt was president, Lamson vice-president and director and said Morrill a director of said corporation, and that they were doing business as such corporation. At and after this visit the plaintiffs sold and furnished the goods and accepted the notes described in the declaration and specifications in reliance upon and only because they relied upon such representations and on the credit of said corporation, in good faith believing that such a corporation had been duly and legally organized and that said Britt, Morrill, Lamson and Buchanon were officers thereof as aforesaid. The constitution, articles of association and by-laws were left in Lamson's custody not to be recorded in the Secretary of State's office until after certain things were done, which were never done, and he understood the business was to be done and was done under the old arrangement. He knew that the business was being managed by Britt, Page and Buchanon. It did not appear that he made inquiries in reference to the manner in which the business was being transacted. No articles of association of said corporation were ever transmitted to the Secretary of State nor any certified copy thereof published as required

by law. It was conceded that if the plaintiffs were entitled to recover at all they should recover the sum shown by the specifications and interest.

The property so furnished by the plaintiffs was bought for use in the business of said concern and was so used and all the property belonging to said business was attached by a creditor bank by procurement of Lamson in suits upon said bank debts, for the payment of which Lamson and Morrill were liable as aforesaid, and the proceeds thereof were applied on said debts; and no assets of said attempted corporation were or are available for the plaintiffs' debt."

On these facts the court gave judgment, *pro forma*, for the defendants. Exceptions by plaintiff.

*Ide & Stafford*, for the plaintiffs.

Morrill is liable as a director if the debt was contracted by the corporation.

The plaintiffs gave credit to the corporation, relying on the representations of Morrill that there was one; and he is now estopped to deny that representation. *Hicks* v. *Cram*, 17 Vt. 449; *Davis & Aubin* v. *Bradley & Co.*, 24 Vt. 55; *M. & W. R. R. R.* v. *Langdon*, 45 Vt. 137; *Worcester Med. Inst.* v. *Harding*, 11 Cush. 285; *Dooley* v. *Cheshire Glass Co.*, 15 Gray, 494; *White* v. *Swaine*, 3 Pick. 365; *Flint* v. *Babbitt*, 59 Vt. 190; Angell & Ames Cor. ss. 83, 635, 636 and notes.

Morrill would be liable without the aid of the statute. If there was no corporation, he bought these goods upon the representation that he was acting for a principal which did not exist. Roberts' Digest, pp. 22, 23, paragraphs 75–86; *Paddock* v. *Kittridge*, 31 Vt. 378; Angell & Ames Cor. s. 312, note (a) and cases there cited; *Kelner* v. *Baxter*, L. R., 2 C. P. 174.

Lamson's connection with the embryo corporation was such that he ought to be held under the statute. *Doubleday* v. *Muskett*, 7 Bing. 110.

Corey & Co. *v.* Morrill et al.

This is not a penal action, but upon the contract liability of defendants. *Flash* v. *Conn*, 109 U. S. 371 ; 20 Wall. 520 ; *Chase* v. *Curtis*, 113 U. S. 458 ; *Van Hook* v. *Whittock*, 26 Wend. 43 ; *Lyndsay* v. *Hyatt*, 4 Edw. Ch. 97 ; *Corning* v. *McCollough*, 1 N. Y. 47.

If it is, the Statute of Limitations should have been pleaded. *Bates* v. *Harrington*, 51 Vt. 1.

*J. P. Lamson* and *S. C. Shurtleff*, for the defendants.

All facts will be taken as found against the excepting party, unless the record shows the contrary. *Gates* v. *Bowker*, 18 Vt. 23 ; *Crane* v. *Crane*, 33 Vt. 15 ; *McCann* v. *Hallock*, 30 Vt. 233.

The court has not found that any such corporation was formed, therefore it could not contract a debt.

This is a penal statute and the plaintiff's cause of action is barred by the Statute of Limitations. S. 1717, R. L.

If this was a penal statute the Statute of Limitations need not be pleaded. *Estell* v. *Fox*, 7 T. A. Mon. 552 ; *Moore* v. *Smith*, 5 Greenl. 490 ; *Pike* v. *Jackson*, 12 N. H. 255 ; 1 Dana (Ky.) 446 ; 2 Saunders, 63 B. ; 2 East. 336 ; 1 Chit. Pl. 486 ; *Vaughn* v. *Congdon*, 56 Vt. 111.

That it is a penal statute, see *Providence Steam Engine Co.* v. *Hubbard*, 101 U. S. 188 ; *Union Iron Co.* v. *Pierce*, 4 Biss. 327 ; *Sturges* v. *Burton*, 8 Ohio St. 215 ; *Kitzer* v. *Woolson*, 19 Mo. 327 ; *Stebbins* v. *Edmunds*, 12 Gray 203 ; *First N. Bank* v. *Pierce*, 33 Md. 487 ; *Gregory* v. *Greenbank*, 3 Col. 332 ; *Irving* v. *McKeon*, 23 Cal. 472 : *Miller* v. *White*, 50 N. Y. 137 ; *Bonnell* v. *Griswold*, 80 N. Y. 128 ; *Vede* v. *Baker*, 83 N. Y. 156 ; *Pierce* v. *Hammon*, 86 N. Y. 95 ; *Gray* v. *Coffin*, 9 Cush. 192 ; *Berrickson* v. *Smith*, 27 N. J. L. 166 ; *Tel. Co.* v. *Hamilton*, 50 Ind. 181 ; *Mitchell* v. *Hotchkiss*, 48 Conn. 9.

The opinion of the court was delivered by

Royce, Ch. J. This was an action of debt for goods sold and delivered, and upon certain notes given therefor, and also upon R. L. sec. 3279, which provides that in case debts are contracted by a corporation by voluntary association before compliance with the provisions of the preceding section, 3278, the president and directors shall be personally liable for such debts.

The defendants named in the writ are four in number, but of these only two, Morrill and Lamson, are before the court; and in disposing of the first aspect in which the case is brought, it is sufficient to say that the record fails to show that either of these defendants bought, ordered or contracted for the goods in question, or signed the notes given therefor, or that the goods were sold or notes accepted by the plaintiffs upon their credit. The judgment being in favor of the defendants, we are bound to presume, since none of these facts appear from the exceptions to have been found for the plaintiffs, that they were found for the defendants. There is clearly no ground, therefore, upon which the defendants can be held directly liable upon the first three counts in the declaration.

The last three counts are upon sec. 3279, R. L., and seek to hold the defendants as directors of a corporation by voluntary association under the laws of this State. Without passing upon the question of whether this section is to be regarded as penal or remedial, it is sufficient to say that the liability imposed by it being a purely statutory one, it is not within the province of the courts to enlarge or alter its provisions, which are clear and unambiguous, by construction. It is clear that the conditions precedent to the creation of a liability under that section are, first, the existence of a corporation, recognized as such by the laws of this State; second, the contracting of debt by such corporation; and third, a failure to comply with the provisions of section 3278 before the contraction of such debt.

Our statutes provide, R. L. ss. 3276, 3277, that three or more persons, who by articles of association in writing, the substantial form of which is prescribed by sec. 3277, associate

themselves together for the purpose of carrying on some business or doing some thing specified in the section, " and who comply with the provisions of this chapter, shall, with their successors and assigns, constitute a body politic and corporate." This statute also, conferring rights and powers without the scope of the common law, is not to be enlarged by construction. Without going further, it is obvious that no corporation can have legal existence or recognition, unless the first step prescribed by the statute, at all events, has been taken in substantial compliance with its provisions. Three or more persons must by articles of association in writing, substantially conforming to the requirements of section 3277, associate themselves together under the provisions of the chapter before the corporation can be said to have received the animating spark. And it is obvious that the three or more persons must sign or execute these articles in such a manner as to come within the well established rules of law prescribing the elements necessary to constitute a signing or execution which will make the paper executed the legal and binding instrument of the person who executes it. Their signatures must not be procured, without fault on their part, by fraud; nor must they be affixed with the understanding and upon condition that the paper signed is *not* to take legal effect and be valid and binding, either presently, or at some fixed and definite time, or upon the happening of some contingency or fulfilment of some condition within the bounds of possibility. Nor is it obvious how such an instrument as this, more than any other, can have life and binding force if executed only to take effect upon the happening of some event, unless it is shown that the event has happened.

The articles of association which were drawn up in this case were signed by all the defendants, but, as the exceptions show, were signed upon the understanding and agreement that "they were not to take effect until certain things were done, which were never done and the articles never did take effect." This finding of fact by the court below is conclusive that no corporation ever entered into existence; and there being no corporation, there could be no directors, and no liability under section 3279.

The case shows no act or omission on the part of the defendant Lamson which can be held to estop him from making his defense in the suit upon the ground above established. He supposed, as the court found, that after the meeting of Feb. 18th, 1878, the business was conducted by the partnership of which he was not a member, and as it had been conducted before that meeting; and nothing is shown which could be held to charge him with notice, either actual or constructive, to the contrary. It is found, however, that the defendant Morrill, with Buchanon, visited the plaintiffs and represented to them that the corporation which had been projected had in fact been legally organized, and that he was a director in it. Upon the strength of this representation, and upon the faith and credit of it, alone, the plaintiffs sold and delivered the goods and accepted the notes sued for. Upon familiar principles this finding of fact estops Morrill from now denying the truth of his representation; and failing to show that a corporation was organized, and that it had complied with the provisions of section 3278, this estoppel debars him from any defense against the liability imposed by section 3279, as against the plaintiffs in this case.

*The judgment of the County Court as to the defendant Morrill is reversed, and judgment rendered against him for the amount shown by the plaintiffs' specifications, and interest, and as to the defendant Lamson, the judgment of the County Court is affirmed.*