## JOEL·RANDALL'S ADMR. *v.* MILO B. RANDALL ET AL.

*Competency of witness when party dead. Contract in issue. Administrator a party. Allowance by commissioners in favor of administrator.*

1. The intestate, being indebted to A in the sum of $1000 evidenced by a promissory note, conveyed, without consideration, all his property to the defendants. This note was subsequently allowed against his estate and the orator sued to recover a sufficient amount of the property so conveyed to satisfy the allowances against the estate and the expenses of administration. The defendants claimed in defense that at about the time of the conveyances, the intestate loaned T one thousand dollars upon an agreement between himself, A and T that T should satisfy said loan by paying A the amount due her, and that A consented to said arrangement, and agreed to take T as her debtor. *Held,* that, A having deceased, T was not a competent witness, for that this tripartite agreement was in issue and on trial.

2. Nor is the widow of the intestate a competent witness to that agreement, she being an annuitant under the conveyances which it is sought to impeach, and a party to the suit.

3. The report of commissioners allowing this claim against the estate of the intestate, duly accepted by the Probate Court, is, under the circumstances of the case, evidence of a valid subsisting debt, notwithstanding that the orator was both the administrator of A and of the intestate in the making of said allowance.

4. The orator should have decree for a re-conveyance of the property unless, within a given time, the defendants pay the balance due on the note with costs.

This was a bill in chancery brought by the orator, as the administrator of Joel Randall, for the recovery of certain real estate alleged to have been conveyed by the intestate without con-

sideration. Heard at the June term, 1891, upon the pleadings, report of a special master, and exceptions of the defendants thereto. Ross, chancellor, *pro forma*, overruled the exceptions and dismissed the bill. The orator appeals.

From the report of the special master it appeared that on the 30th day of January, 1882, Joel Randall, the intestate, was indebted to one Abigail Andrus in the sum of $1000 and interest from Jan. 9, 1881, said debt being evidenced by a promissory note of that tenor, and was also indebted to Chester Pratt in the sum of $8, and L. W. Spaulding in the sum of $4.50; that being so indebted, he conveyed all his real estate to the defendants without other consideration than love and affection, and soon afterwards disposed of all his personal property which was subject to attachment.

About the same time that he disposed of his personal property, he loaned one H. E. Taylor the sum of $1000 under an agreement that Taylor should pay Mrs. Andrus the amount due her from time to time, as she might require it. A written agreement was drawn up to that effect, which was as follows:

"Whereas, Joel Randall is indebted to Abigail Andrus in the sum of one thousand dollars and the interest thereon of an amount uncertain, evidenced by his promissory note now holden by her, and whereas said Randall has this day loaned me the sum of one thousand dollars, now in consideration thereof I hereby promise to pay to said Abigail, her administrator, executor, or assigns, the amount due on said note at the time when and whenever the same shall be called for by her, her administrators, executors or assigns, and upon the surrender to me of the aforesaid note. And the cancellation and surrender of said note by me shall be considered by said Randall, his executors, administrators, or assigns, as an entire satisfaction of this contract, and all my liabilities under or respecting the same.

"Dated at Cornwall, the 2d day of Sept., 1882.

                H. E. TAYLOR."

Upon this contract the said Taylor made payments in small amounts from time to time. Feb. 27, 1884, Abigail Andrus died, being still the owner and possessor of the note. She left a will

which was duly probated, by which she nominated one Skinner as her executor. Said Skinner declined to act, and the said H. E. Taylor was, in April, 1884, appointed administrator of her estate with the will annexed, and as such administrator took possession of the note in question as a part of the assets of her estate.

January 4, 1886, Taylor resigned as administrator, and the orator was appointed his successor. The said note was thereupon turned over to him.

September 27, 1886, the orator, as administrator of the estate of Abigail Andrus, applied to have himself appointed administrator of the estate of Joel Randall, representing that the estate of the said Randall was indebted to him as the administrator of Abigail Andrus, and October 18, 1886, he was appointed such administrator. At the same time commissioners were duly appointed upon said Randall's estate, who, April 27, 1887, returned their report to the Probate Court, which was accepted by said court and not appealed from.

Said commissioners in their report allowed the claim in favor of the estate of Abigail Andrus, in the sum of $1,187.80, being the amount of the note and interest. The commissioners also allowed the claims before mentioned in favor of Chester Pratt and L. W. Spaulding.

The orator claimed to recover sufficient of the real estate conveyed to pay the debts allowed against the estate of the said Randall and the expenses of administration.

The defendants insisted that by the arrangement between himself and the said Taylor, Joel Randall had made due provision for the payment of this indebtedness to Abigail Andrus; that Abigail Andrus in her life time had been a party to that arrangement, having assented thereto, and agreed to accept payment from Taylor. In order to sustain this issue, they introduced the said Taylor as a witness, and proposed to show these facts by him.

The orator objected to the admission of this testimony, and the same was excluded by the master.

The defendants also offered upon the same issue the testimony of Mrs. Lucy Randall Barbour, the widow of Joel Randall and one of the defendants, who under the conveyances which it was sought to impeach, was entitled to an annuity. To the admission of her testimony the orator objected, and the same was excluded by the court.

The orator offered in evidence the report of the commissioners upon the estate of Joel Randall. To the admission of this report the defendants objected, for that the same was void as an adjudication for want of proper parties. The same was, however, received by the master as evidence.

The orator also offered in evidence the said note of $1,000. To the admission of this the defendants objected, for that, the same not having been duly presented to the commissioners upon the estate of Joel Randall, it could not now be urged as a claim against his estate. Against the objection of the defendants the note was received in evidence.

The defendants excepted to the report of the master:

1st. Because the master received the report of the commissioners.

2d. Because the master received in evidence the note.

3d. Because the master excluded the evidence of Taylor.

4th. Because the master excluded the evidence of Mrs. Barbour.

*Stewart & Wilds*, for the orator.

The judgment of the commissioners allowing this note against the intestate's estate was valid. *Riley* v. *McInlear's Est.*, 61 Vt. 254.

Taylor was not a competent witness. The fact sought to be established by him, was the making of a new contract between Abigail Andrus, the intestate, and himself. The contract was in issue, and the other party had deceased. *Farmers' Ins. Co.* v.

*Wells*, 53 Vt. 14; *Lytle* v. *Bond's Est.*, 40 Vt. 618; *Barnes* v. *Dow*, 59 Vt. 546; 1 Whart. Ev. s. 466; *Chaffee* v. *Hooper*, 54 Vt. 513; *Richardson* v. *Wright*, 58 Vt. 367; *Canfield* v. *Bently's Est.*, 60 Vt. 655.

Mrs. Barbour was not a competent witness. The action was by an administrator, and she herself was a party. *Fitzsimmons* v. *Southwick*, 38 Vt. 509; *Ford's Exr.* v *Cheney*, 40 Vt. 153; *Hollister, Admr.*, v. *Young*, 42 Vt. 403; *McLane, Admr.* v. *Johnson*, 43 Vt. 52; *Roberts, Admr.*, v. *Lund*, 45 Vt. 82; *Davis, Admr.*, v. *Bank*, 48 Vt. 532.

*Bliss & Royce*, for the defendants.

The allowance by the commissioners was void for the reason that there were no proper parties to the suit. The same person cannot be both plaintiff and defendant. Dicey on Parties, 79; *Pierson* v. *Nesbitt*, 17 Am. Dec. 569; *Eastman* v. *Wright*, 6 Pick. 316; *Estes* v. *Whipple*, 12 Vt. 373; *Green* v. *Chapman*, 27 Vt. 236; *Green* v. *Russell*, 132 Mass. 536.

This principal applies to a judgment of the Probate Court accepting the report of commissioners. 3 Redf. on Wills, 247 and note; *Morse* v. *Slason*, 13 Vt. 306; *Adams* v. *Adams*, 22 Vt. 62; *French* v. *Windsor*, 24 Vt. 409 and note; *Moore* v. *Batchelder*, 51 Vt. 50.

Such a judgment is absolutely void. *Hendrick* v. *Cleveland*, 2 Vt. 329; *Moore v. Batchelder*, 51 Vt. 50; Freem. Judg., s. 120 and cases cited; *Adams* v. *Adams*, 22 Vt. 62, 71; *French* v. *Windsor*, 24 Vt. 409.

The defendants at all events, are not concluded by that judgment. They claim not as heirs, but as grantees, and as such, are strangers to the judgment. R. L. s. 2275; *Gilbert's Admr.* v. *Howe's Admr.*, 47 Vt. 402; *Sprague* v. *Waldo*, 38 Vt. 139; Freem. Judg. s. 156.

The testimony of Taylor should have been admitted. If true, it proved a novation which discharged the intestate. *Goochie* v. *Brock*, 52 Vt. 107; *Bacon* v. *Bates*, 53 Vt. 32; *Kelso* v.

Joel Randall's *Admr. v.* Milo B. Randall *et al.*

*Fleming*, 1 West. Rep. 845; *Cadens* v. *Teasdale*, 53 Vt. 469; *Hayden* v. *White*, 26 Vt. 768; 1 Par. Con. 217.

This agreement was not, however, the contract or cause of action in issue and on trial. *Manufacturer's Bank* v. *Scofield*, 39 Vt. 590; *Lytle* v. *Bond*, 40 Vt. 618; *Cole* v. *Shurtleff*, 41 Vt. 311; *Morse* v. *Low*, 44 Vt. 561; *Walling* v. *Newton*, 59 Vt. 684; *Canfield* v. *Elias Bentley's Est.*, 60 Vt. 655.

Moreover the testimony was not offered *in his own favor*. *Jones* v. *Walcott*, 15 Gray 541; *Bigelow* v. *Hyer*, 3 Allen 243; *Gay* v. *Gay*, 5 Allen 157; *Granger* v. *Bassett*, 98 Mass. 462; *Looker* v. *Davis*, 47 Mo. 140; *Bradley* v. *West*, 68 Mo. 69; *Bell* v. *Western M. & F. Ins. Co.*, 39 Am. Dec. 542.

The testimony of Mrs. Barbour should have been admitted. *Looker* v. *Looker*, 47 Mo. 140; *Bradley* v. *West*, 68 Mo. 69.

The opinion of the court was delivered by

TYLER, J. The material allegations in the bill are that the intestate, Joel B. Randall, in January, 1878, became indebted to Abigail Andrus in the sum of $1000, which indebtedness was evidenced by his promissory note to her of that date; that in January, 1882, he conveyed all his estate to his heirs for no other consideration than love and affection; that the conveyances were made without making provision for the payment of this debt and were therefore void. The defendants in their answer admit that the $1000 debt was due from Randall to Mrs. Andrus at the time the conveyances were made, and aver that in September, 1882, the intestate made ample provision for its payment by placing $1000 in the hands of Taylor and taking from him the written obligation which is set out in the master's report, which was in substance a promise by Taylor to Randall that the former would pay the debt to Mrs. Andrus as she or her executor, administrator or assigns should call for it, which promise was in consideration of Randall's loan of $1000 to him. The answer further avers that Mrs. Andrus had notice of the arrangement and as

sented to it, that Taylor personally promised that he would pay her the debt as she required it, and that he subsequently paid her several sums amounting to $110 ; that Randall's relation to the note after placing the funds in Taylor's hands was that of a surety, and that he was released as such surety by the omission of the administrator and representatives of Mrs. Andrus to proceed against Taylor for the collection of the note.

The issues made by the pleadings were whether or not the intestate disposed of his property without making ample provision for the payment of this debt; and if not, whether the debt was still subsisting. It is alleged in the bill that he made no such provision : the answer meets this allegation with the averment that Taylor was, by a tripartite agreement, substituted for the intestate as debtor to Mrs. Andrus, and that the judgment of the Probate Court had no validity. The former question was not a collateral matter. It was the " cause of action in issue and on trial." It is apparent that the main question of fact in controversy before the master was as to the adequacy of this agreement as a provision for the payment of the Andrus debt. To sustain the defendants' side of this issue Taylor was offered as a witness to testify that Mrs. Andrus assented to the arrangement and agreed to accept him as the payor of the note. We think he was excluded by section 1002, R. L. *Insurance Co.* v. *Wells*, 53 Vt. 14, is full authority on this question.

Mrs. Barbour was an annuitant by a provision in the deeds from her first husband, the intestate, to his two sons, and was interested to have the conveyances upheld. She was therefore a proper and necessary party defendant to the suit. She was offered as a witness to testify to a conversation which it was claimed she had with Mrs. Andrus in which the latter stated that she was satisfied with the arrangement that had been made and that she should look to Taylor and not to Randall for payment. The offered evidence came within none of the exceptions to section 1003, R. L., and was excluded by the general inhibition of

Joel Randall's *Admr. v.* Milo B. Randall *et al.*

that section, that when an executor or administrator is a party the other party shall not be permitted to testify in his own favor. It seems unnecessary to review the cases in which this section has been considered and construed ; the leading cases are cited on the briefs of counsel.

Upon the evidence that was admitted by the master he was unable to find the novation claimed by the defendants. Had the excluded evidence been received, *query,* whether it would have availed them, the evidence not tending to show that the original payor was released. *Buchanan* v. *Paddleford,* 43 Vt. 64.

As to the other question raised we think the decision of the court in *Riley* v. *McInlear's Estate,* 61 Vt. 254, is full authority that the judgment of the Probate Court, in the circumstances of this case, is evidence of a valid subsisting debt.

*The pro forma decree reversed and cause remanded with mandate that there be a decree for the orator according to the prayer of the bill unless the defendants, within a time to be fixed by the Court of Chancery, pay to the orator the sum remaining due upon said note with costs.*