## E. COREY & CO. *vs.* OSCAR F. MORRILL, et al.

October Term, 1898.

Present: ROSS, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed December 9, 1898.

*Fraudulent Conveyance; V. S. 1848.*—The defendant, to hinder a class of creditors to which the orators belonged, conveyed to his mother, without her knowledge and without consideration, certain real estate which she afterwards, in consideration of her indebtedness to him, conveyed to his wife. The orators, having levied upon the real estate, brought this bill to set aside the first conveyance, under V. S. 1848. *Held*, that the case was clearly within the statute.

*V. S. 1816; Set Off Unnecessary.*—It was unnecessary, under V. S. 1816, that a set off should have been made before equity could interfere. It was only necessary that the orators should have levied upon the land, and that a part of it should have been conveyed away in fraud of their rights.

*Fraudulent Conveyance.*—In suits to set aside fraudulent conveyances, it is only when there is a valuable consideration for the conveyance that fraud on the part of the grantee is essential.

*Fraud in Law.*—It is immaterial that the defendant, at the time of the conveyance, was ignorant of his indebtedness to the orators, since he made the conveyance to hinder a class of creditors to which the orators belonged and might easily have ascertained that the orators were among them. It was fraud in law if not in fact.

*Statute of Limitations.*—If the wife, as defendant, could in any case invoke the statute of limitations in aid of the fraudulent deed to her and the one to her grantor, the facts here do not warrant it, as this proceeding was begun some ten years, only, after the conveyance.

*Fraudulent Gift.*—The conveyance by the mother to the defendant wife, in consideration of the mother's debt to the defendant, cannot stand as a gift from the defendant to the wife, for it was a gift which he had no right to make.

*Record, How Far Conclusive.*—A record is conclusive as to all persons to prove the fact that such a judgment was rendered.

*Impeachment of Judgment.*—The defendant wife was neither party nor privy to the orators' judgment against the husband, and was therefore at liberty to impeach it by showing any fact that was material; but she was not entitled to show that her husband "never did contract the debt," for that judgment was not rendered upon the ground that he

contracted a debt, but upon the basis of an estoppel, such that the law made the promise for him.

*Statute against Fraudulent Conveyances.*—The statute against fraudulent conveyances made to avoid a right, debt or duty, was not designed to protect, alone, creditors in the strict sense of the term, and the words, "right" and "duty," embrace something more than is covered by the word, "debt."

*"Right, Debt or Duty."*—The defendant husband's liability upon the judgment at law, as disclosed by the reported case, 61 Vt. 598, was a "right, debt or duty," within those terms as used in the statute against fraudulent conveyances, V. S. 4965.

CHANCERY.  Upon master's report and exceptions thereto by both parties at the September term, 1897, Washington county, *Tyler*, Chancellor, rendered a *pro-forma* decree overruling the orators' exceptions and dismissing the bill with costs.  The orators appealed.

The facts relating to the liability of the defendant Oscar to the orators were found to be as appears in the reported case, *Corey* v. *Morrill*, 61 Vt. 598.

This bill was brought under Acts of 1888, No. 68, § 1 of which reads as follows: "When an execution has been levied upon real estate as provided in the Revised Laws, §§ 1567 and 1568, and any part of the real estate so designated has been conveyed away or encumbered in fraud of the levying creditor's rights, he may maintain a suit in the court of chancery for the satisfaction of his execution out of the real estate so conveyed, by a sale thereof or otherwise, under the order of said court," etc.

The bill alleged that in 1878 the Cabot Carriage Co. was a partially organized corporation doing business at Cabot, Vermont, and that the defendant, Oscar F. Morrill, was a director therein; that said corporation, without complying with the provisions of Revised Laws 3278, contracted debts and among others one to the orators, for which said defendant became liable as a director under Revised Laws 3279, and also by reason of untrue representations which he made to the orators concerning the status of said corporation, in reliance upon which they acted; that the

debt was all incurred before August 19, 1878, the date of the impeached conveyances; that on July 4, 1884, the orators commenced an action at law against said defendant and others in the county court for Washington county, attaching two pieces of real estate in said Cabot as the property of said Oscar F. Morrill, and all his interest and equity therein, describing the same particularly, and that such proceedings were had in that action that judgment was rendered for the orators in the supreme court for said county at its May term, 1888, by a mandate issued on the 16th day of November, 1888, for their debt and costs ; and that on the 8th day of February, 1889, they took out execution, and on the 25th day of March, 1889, caused it to be levied upon said two pieces of real estate by officer's copy in the town clerk's office, as required by R. L. 1567; that said defendant was largely the owner of said real estate at the date of the impeached conveyances, and setting out his interest particularly; that he was heavily insolvent when he made the conveyances and made them for the purpose of putting his property beyond the reach of creditors and of defrauding the orators of their said debt; that the conveyance of the home farm, one of said pieces, was made to said defendant's mother without consideration and with the understanding that she should thereafter, on request, convey it to the defendant's wife, which was accordingly done, October 26, 1882; that the mother and the wife had notice of the fraud; that the mother has deceased.  The prayer was that the conveyance be set aside and the real estate, or the defendant husband's interest therein, sold in satisfaction of the orators' execution, and for general relief.  The answer denied all the allegations of the bill except that the proceedings in the action at law took place, and that the conveyances were executed, as alleged; and averred that the conveyances were made upon good and valuable consideration and without fraudulent intent.

*W. P. Stafford* for the orators.

*J. P. Lamson* and *George W. Wing* for the defendants.

TAFT, J.   It appears from the report of the master that on the 19th day of August, 1878, the defendant, Oscar Morrill, conveyed to his mother, Margaret Morrill, his interest in certain real estate, without consideration and unknown to said Margaret.

The bill in this case seeks to have this conveyance set aside as fraudulent.   It was made by the said Oscar for the purpose of preventing such of his creditors as had claims against him by reason of his connection with the Cabot Carriage Company from securing their claims by attaching his property, and to protect himself and his family from the financial ruin impending by reason of the failure of the Company.   The orators in this suit had a claim against the Company for which the defendant Oscar, as one of the Company, was liable, and after their claim was established in court, by judgment, they brought suit against him, in July, 1884, and levied their execution, which was obtained in February, 1889, upon the real estate in question.   The execution was properly levied under V. S. 1816.

The master finds that on the 26th of October, 1882, Margaret Morrill conveyed her interest in said premises to the defendant Clara, wife of Oscar.   The consideration for this deed, as stated in the report, was the indebtedness or obligation of Margaret Morrill to the defendant Oscar for her care and support.   It is apparent from the facts stated, and the master was justified in finding, that this obligation of Margaret Morrill was to the defendant Oscar.   In 1867, when the farm was conveyed by Abel and Margaret, it was conveyed to Oscar, not to him and his wife, and it was agreed then that Margaret was to live upon the farm and the defendants were to be paid for their care and support. Oscar always carried on the farm.   The care and support was always furnished by him, although Clara testified that

when the farm was deeded to her the understanding was that the consideration of the deed was her care and support, and the keeping of a home for Hector, a son of Margaret, if he should ever return.   The master was justified in finding that the care and support of Margaret was furnished by Oscar, and the indebtedness of Margaret therefor was legally his property.   So that we have in this case a conveyance of real estate made to one party when the consideration for the conveyance was paid by another,—in fact, a resulting trust.   *Barron* v. *Barron*, 24 Vt. 375; *Clark* v. *Clark*, 43 Vt. 685.   Such trust may be proved by parol.   *Pinney* v. *Fellows*, 15 Vt. 525; *Clark* v. *Clark*, *supra.*   We are aware that when a deed is taken to the wife, the husband paying the consideration, the *prima-facie* implication is that it was intended as a gift, but this implication may be rebutted by testimony so as to create a resulting trust in favor of the party paying.   *Wallace* v. *Bowen*, 28 Vt. 638; *Bent* v. *Bent*, 44 Vt. 555.   The facts reported by the master fully rebut the presumption that it was intended as a gift to the wife, that is, such a gift as the husband had a right to make.   It was rather an attempt on the part of Oscar to prevent the property being taken by his creditors; and the wife paying no consideration, the deed would be invalid as against the orators; so that even the question of a resulting trust becomes immaterial.

The case is clearly within V. S. 1848, which provides that when an execution has been levied on real estate and any part of the same has been conveyed away in fraud of the levying creditor's rights, the creditor may maintain a suit in chancery for the satisfaction of his execution out of the real estate so conveyed, by a sale thereof, or otherwise, under the order of said court.

The facts which bring the case within the statute clearly appear, *i. e.*, the real estate of the defendant Oscar has been conveyed away in fraud of the rights of his creditors, among whom were the orators, and the latter have levied

their execution on such real estate. They are entitled to relief.

The defendants' counsel argues that the conveyance to Margaret Morrill and the subsequent one to Clara cannot be declared invalid for the reason that the grantees did not have knowledge of the fraudulent intent of the grantors; and cites five Vermont cases. *Edgell* v. *Lowell*, 4 Vt. 405; *Root* v. *Reynolds*, 32 Vt. 139; *Leach* v. *Francis*, 41 Vt. 670, were conveyances made upon adequate considerations, and in each case it was held that the grantee must participate in the fraudulent intent of the grantor, or at least have knowledge thereof. In *Fuller* v. *Sears*, 5 Vt. 527, and also in *McLane* v. *Johnson*, 43 Vt. 48, the grantee had knowledge of the fraudulent intent of the grantor, and the sale was held invalid. He also cites nine cases from reports of Massachusetts, New Hampshire, Iowa, New York and the English common law, upon the same question. The Vermont authorities and the one from Cowper do not aid the defendant and we infer the other cases are of the same character. Whatever reasoning there may be in them we should hardly feel inclined to overrule *Foster* v. *Foster*, 56 Vt. 540; *Wilson* v. *Spear*, 68 Vt. 145, and *Fair Haven M. & S. Co.* v. *Owens*, 69 Vt. 247. In *Wilson* v. *Spear*, the law in this jurisdiction is very thoroughly discussed in all its aspects and the many cases in this State upon that subject fully considered and the conclusion arrived at, in the words of *Munson*, J., "It is only when there is a valuable consideration that fraud on the part of the grantee is essential." I, for one, commend these cases to the consideration of counsel. This court ought not to be troubled with such an array of authorities and cases not in point, when the question has been so conclusively settled in the last volumes of our reports.

It is further argued that Oscar was not aware of his indebtedness at the time he made the conveyance to his mother, nor when his mother conveyed to his wife. The

master finds he did not know of the orators' claim until afterwards. He knew there were creditors with claims against the Company for which he was liable, and he conveyed his property away, without consideration, to prevent such creditors from securing their claims by attaching such property. He was aware of the indebtedness of the Company and he undoubtedly could have ascertained the existence of the orators' debt by inquiry, and his conveyance was made for the express purpose of defeating the claims of the creditors whoever they were; and it is apparent that he had the intent to hinder and delay them. This conveyance being without consideration, his want of knowledge became immaterial. It was fraudulent in law if not in fact.

It is also argued that it is necessary there must be an execution levied and a set off made before equity can interfere. Under V. S. 1816 this is not required. The only question under the section referred to is simply, Has the creditor levied upon the real estate and has any part of it been conveyed away in fraud of his rights? By establishing such facts, the creditor may maintain a suit in chancery for the satisfaction of his execution out of the real estate so conveyed. Before a decree can be passed in regard to it, it will be necessary to determine the rights the debtor has in the property to be levied upon and sold, and there is no better forum in which to determine these questions, which at times may be very complicated, than a court of equity.

If the defendant Clara could invoke the statute of limitations in any case in aid of the fraudulent deed to her and the one to her grantor, the facts in this case do not warrant its application. This proceeding was brought at the September term, 1889, in substance ten years after the time of the conveyance to Margaret Morrill in August, 1879.

The questions argued under points eight and nine of the brief for defendants are waived by the orators and are not considered.

The record of the judgment in the orators' favor against Oscar was admitted under exception. It was material to show a claim of the orators against Oscar. A record is conclusive as to all persons to prove the fact that such a judgment was rendered. *Knapp* v. *Marlboro*, 31 Vt. 674.

After the judgment record was in evidence the defendant Clara offered to show that Oscar never contracted and never did owe the debt for which the judgment was rendered. This offer was denied. A judgment cannot be collaterally impeached by a party nor privy. Citation on this point is needless. But Clara was neither, and, if the fact became material, was privileged to impeach it. *Nason* v. *Blaisdell*, 12 Vt. 165; *Atkinson* v. *Allen*, *ibid* 619; *Ingalls* v. *Brooks*, 29 Vt. 398; *Knapp* v. *Marlboro*, *supra*; *Gerrish* v. *Bragg*, 55 Vt. 329. The offer of Clara must be taken in connection with the case as it then stood before the master. This is shown by the opinion in the case in which the judgment was rendered, as reported in 61 Vt. 598. Morrill was liable not by virtue of any express contract entered into by him personally, nor by virtue of any express promise he had made, but judgment passed against him upon a promise the law made for him. He was liable notwithstanding the facts offered to be shown, and they therefore became immaterial. The offer was not to show that the judgment was fraudulent, nor binding upon the defendant therein, nor that it was founded upon the "baseless fabric of a vision," but that he did not contract the debt or claim recovered by it. That this is the correct view to take of the offered testimony is evident from the argument of the counsel, who contends that the orators' claim is not within the statute against fraudulent conveyances, V. S. 4965. He claims the liability of Oscar to the orators was not a debt *ex contractu* within the meaning of the statute. The claim was in form *ex contractu*, and the law made the defendant liable for the debt by reason of his representations. The statute avoids a fraudulent convey-

ance "made or had to avoid a right, debt or duty," and, as was well said by *Walker*, J., in *Green* v. *Adams*, 59 Vt. 602, "It is not designed to protect creditors alone, in the strict sense of the term.   It embraces all persons who have a *right* or debt against the conveyancer, or to whom he owes a *duty*, which he attempts to avoid."   In *Beach* v. *Boynton*, 26 Vt. 725, it was held that although the words "right and duty" are limited to such rights and duties as are of the nature of debts existing *ex contractu*, yet, even with that limitation, they are far more extensive in their signification than "debt" in its strict sense.   The claim against the defendant Oscar was within the statute, and the testimony for the purpose for which it was offered was immaterial, and was properly excluded.

The decree dismissing the bill will be reversed, and cause remanded to the court of chancery to be proceeded with in that court in accord with this opinion, and as the law requires, by the sale of such interest of the defendant Oscar as he may have in the premises, which may be subject to the levy of an execution, or otherwise, as the court may be advised.

*Decree reversed and cause remanded.*