FARMER'S NATIONAL BANK *v.* LOUISE F. THOMSON.

May Term, 1902.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD and
HASELTON, JJ.

Opinion filed August 21, 1902.

*Conveyance in fraud of creditors—Consideration for deed—
Resulting trust to wife—Nature of debt—Obligation as
indorser—Witness—Parties.*

A deed given without consideration by a husband, through a third per-
son, to his wife of property acquired by their joint efforts, will be
set aside as fraudulent as to creditors, when sufficient property is
not retained to discharge his legal obligations.

An indebtedness existing at the time of such conveyance remains the
same debt, though changed thereafter in form by renewal or other-
wise.

A liability as indorser is a debt within the meaning of the statute
against fraudulent conveyances.

In an action against a widow to set aside a conveyance to her of prop-
erty which her husband acquired by will executed in considera-
tion of the testator's support, the defendant is not a competent
witness to a contract with the testator that the property was to
be hers after her husband's death.

When the administratrix is the grantee in the alleged fraudulent con-
veyance, a creditor cannot, by leave of the Probate Court, proceed
in the name of the administratrix, but may, without such leave,
maintain a suit in his own name to set aside the conveyance.

APPEAL IN CHANCERY.  Heard on the report of a special
master and the orator's exceptions thereto, at the March Term,
1902, Rutland County, *Watson,* Chancellor, presiding.  De-
cree, *pro forma,* overruling the exceptions and dismissing the
bill.  The orator appealed.

*Joel C. Baker* for the orator.

The conveyance being without consideration, it will be set aside in favor of creditors who are thereby prevented from getting their pay, although there was no actual fraud on the part of the grantor or the grantee.   The law imputes fraud to a grantor who voluntarily conveys his property, when from the condition of his estate, the necessary consequence of his act is to hinder, impede and prevent creditors in collecting honest debts.   *Brackett* v. *Waite,* 4 Vt. 389; *Dewey* v. *Long,* 25 Vt. 564; *Church* v. *Chapin,* 35 Vt. 223; *Wilber* v. *Nichols,* 61 Vt. 432; *Wilson* v. *Spear,* 68 Vt. 145; *Slate Co.* v. *Owens,* 69 Vt. 246; *Corey* v. *Morrell,* 71 Vt. 51.

The indebtedness in this case is much more direct than is the liability of a partner for the debts of his firm.   Such a debt is held to give a creditor standing in a court of equity to set aside a voluntary conveyance.   *Corey* v. *Morrell, supra.*

The defendant is not a competent witness to a contract with the testatrix, the other party to the contract being dead. V. S. 1237; *Randall* v. *Randall,* 64 Vt. 419; *Barnes* v. *Dow,* 59 Vt. 545.

The defendant in this case being the administratrix, a suit could not be maintained in her name against herself, and the proceedings provided by V. S. 2477 could not be resorted to.   The present proceeding is the same as that resorted to in *Slate Co.* v. *Owens,* 69 Vt. 246.

*Butler & Moloney* for the defendant.

The orator cannot avail himself of the statute to set aside this conveyance.   The obligation which then existed has been paid and satisfied.   The note proved against the estate of Edwin R. Thomson was a new and different obligation than the one existing at the time of the conveyance.   *Wemet* v. *Lime Co.,* 46 Vt. 460; *Collamer* v. *Langdon,* 29 Vt. 32.   At the time of this conveyance, Edwin R. was owing no debts, unless his obligation as indorser on the Fogg note was a debt.   The

signer of the note was then considered good, so there could be no fraudulent intent.

In this case, there was an actual consideration—the labor of the wife in the support of Mrs. Williams. While the title stood in Edwin R., he held it in trust for his wife at his decease, under the agreement with Mrs. Williams that it was to come to the defendant after her husband's death. *Clark* v. *Clark,* 43 Vt. 685. No exception was filed and no claim made in regard to the admissibility of the testimony of Mrs. Thomson on this point, therefore no question can be made here. *Dee* v. *King,* 73 Vt. 315.

The bill is not brought by leave of the Probate Court, under the statute which provides the remedy. V. S. 2473. *McLane, Admr.* v. *Johnson,* 43 Vt. 6.

START, J. The complainant, in behalf of itself and other creditors of the estate of Edwin R. Thomson, seeks to set aside the conveyance of a farm from Edwin R. Thomson, now deceased, to his wife, the defendant. The pleadings and master's report show that on March 21, 1887, Thomson took title in fee to the farm under the will of Laura Williams, and on July 20, 1889, through his brother, Horace Thomson, conveyed the same to the defendant. The expressed consideration in the deed is five dollars, but it does not appear that anything was in fact paid. The conveyance was made for the purpose of placing the legal title to the farm, which was then worth ten thousand dollars, in the defendant. At the time of the conveyance, Thomson, as indorser of notes, was indebted to the complainant in the sum of nine hundred and eighty-four dollars. The form of the indebtedness was changed, and at the time of Thomson's decease, April 6, 1896, it was evidenced by a promissory note, upon which he appeared to be the principal; and this was allowed by the commissioners against his estate. At the time Thomson conveyed the farm to the de-

fendant, he did not retain sufficient property to pay his then existing legal obligations. The claims allowed against his estate amount to one thousand, five hundred and seventy-eight dollars. In March, 1870, Laura Williams, then being the owner of and living on the farm in question, requested Thomson and his wife to come and live with her on the farm. They did so, and there remained until her decease. When Mrs. Williams requested Thomson and his wife to come and live with her, she gave them to understand that, if they would live with her and take care of her on her farm during her lifetime, they should have what she had when she was through with it. She continued to hold the title to the farm while she lived, and eight years after Thomson and his wife went to live with her, she made her will and gave her property absolutely to Thomson, subject to the payment of certain legacies. The defendant lived on the farm with her husband until his decease, performing the services and acting in her relations to the family, including Mrs. Williams, as the wife in a family ordinarily does and should, and was attentive to Mrs. Williams in sickness and in health. There was no testimony in regard to any arrangement or agreement between Mrs. Williams and the Thomsons after they went there to live; and it did not appear that any new contract or agreement was made between them after they went to live with Mrs. Williams, nor that there was any contract or understanding between the Thomsons and Mrs. Williams, that, if she should, by her will, give Mr. Thomson the property, he would convey it to his wife or hold it for her use or benefit.

From these facts, it is clear that Thomson was the absolute owner of the farm at the time of the conveyances, and that the conveyances were without consideration. There is no finding that the defendant was a creditor of her husband at the time of the conveyances, nor that the conveyances were made

in payment of an antecedent debt. It is found that she performed the services and acted in relation to her family, including Mrs. Williams, as the wife in a family ordinarily does and should, but there was no contract or agreement that she should be paid therefor. There was no contract or understanding that the husband should pay his wife for caring for Mrs. Williams in his family; and past services of the wife to her husband and his family, such as a wife ordinarily performs and should perform as the helpmate of her husband without expectation of pay, do not furnish a consideration for a conveyance of property that is required for the payment of the husband's debts. *Fair Haven Marble etc. Co.* v. *Owens,* 69 Vt. 246, 37 Atl. 749; *Rudd* v. *Rounds,* 64 Vt. 441, 25 Atl. 438; V. S. 2647; *Corey* v. *Morrill,* 71 Vt. 51, 42 Atl. 976. The conveyance on the part of the husband was voluntary. The farm was willed to him, and, while the title was held by him, the wife had no equities in the premises. There was no express or resulting trust in her favor. No consideration moved from her. Her services belonged to her husband, and she never paid anything toward the property; therefore, she had no interest in the premises that the law will recognize. The conveyances of the farm being without valuable consideration, and the farm then being required, in part, for the payment of the husband's debts, and no adequate provision having been made for their payment, the conveyances will be set aside in favor of creditors who are thereby hindered and prevented from enforcing payment of their legal and just demands against the husband, although no actual fraud was intended on the part of the husband or wife. Such a conveyance by a debtor, without consideration, and without making adequate provision for the payment of his debts, is fraudulent and void as to his creditors. It is only when there is a valuable consideration for the conveyance that fraud on the part of the grantee is essential. *Wilson* v. *Spear,*

68 Vt. 145, 34 Atl. 429; *Corey* v. *Morrill,* 71 Vt. 51, 42 Atl. 976; *Fair Haven Marble etc. Co.* v. *Owens,* 69 Vt. 246, 37 Atl. 749.

At the time of the conveyances, the debt in question was evidenced by promissory notes, signed by one A. L. Fogg and indorsed by Thomson.    After the conveyances, the orator insisted that there must be a change in the paper; that they did not consider the maker good, and that Thomson must become the maker instead of the indorser; and thereupon a new note was given with Thomson as maker and Fogg as indorser, and the old notes surrendered.    After that notes were given as renewals in the same way; and the defendant contends that the indebtedness evidenced by the last note is not the same that existed at the time of the conveyances, and therefore is not such as entitles the orator to have a prior voluntary conveyance set aside.    There is no force in this contention.    If debts exist when the conveyance is made, a change thereafter in their form is immaterial.    *Kellogg v.Douglas County Bank,* 58 Kan. 43, 48 Pac. 587, 62 Am. St. Rep. 596; *Start* v. *Stout,* 77 Ind. 537.    The indebtedness that existed at the time of the conveyances was one that Thomson was legally holden to pay, and this indebtedness has since continued in existence; and, notwithstanding the change in the form of the evidence of it from time to time, he remained liable for the same at all times until his death.    There was no time after the conveyances until his death, when the obligation did not rest upon him.

The fact that Thomson was an indorser upon the notes at the time of the conveyances, and that the maker of the note was then considered responsible, does not preclude the orator from maintaining a suit to set aside the conveyances.    Thomson did not retain sufficient property of his own to pay his indebtedness; and, if the maker of the notes had sufficient funds with which to pay them, they did not belong to Thomson, nor

were they within his control. Therefore he made the conveyance without retaining within his control sufficient property to satisfy the legal obligations then resting upon him. The undertaking of an indorser of a negotiable promissory note is sufficient to establish the relation of debtor and creditor within the meaning of the statute against fraudulent conveyances, and he is as much prohibited from making a voluntary conveyance that has the effect to defraud the holder of a note indorsed by him as if he were the principal. *Cook* v. *Johnson,* 1 Beasley's Chancery (N. J.) 51, 72 Am. Dec. 381; *Post* v. *Stiger,* 29 N. J. Eq. 558; *Corey* v. *Morrill,* 71 Vt. 51; *Green* v. *Adams,* 59 Vt. 602, 10 Atl. 742; *Beach* v. *Boynton,* 26 Vt. 725; *Pulsifer* v. *Waterman,* 73 Me. 233; *Crane* v. *Stickles,* 15 Vt. 252.

The defendant was allowed to testify in her own behalf, subject to the orator's exception, that Mrs. Williams said that, "Whatever she had was to come to me after my husband." This was as definite a statement as she gave of any promise or inducement held out by Mrs. Williams. The defendant, by her answer, sought to make a claimed contract between herself and Mrs. Williams a defense to this suit. Under her answer, this contract became the contract in issue and on trial. Mrs. Williams being dead, the defendant is incompetent, as a witness, to testify to it, and in the disposition of the case, the findings upon her sole testimony in this respect are not considered. V. S. 1237; *Randall's Admr.* v. *Randall,* 64 Vt. 419, 24 Atl. 1011; *Insurance Co.* v. *Wells,* 53 Vt. 14.

The defendant being the administratrix of the estate of Edwin R. Thomson, the orator could not, by leave of the Probate Court, commence and prosecute a suit in the name of the defendant, as administratrix of the estate, to set aside the conveyances, as provided by V. S. 2477; but it could, in its name, commence and prosecute a suit for that purpose, as was done in *Fair Haven Marble Co.* v. *Owens,* before cited; and, for the

prosecution of a suit in its own name, a license from the Probate Court is unnecessary. It is only when the suit is in the name of the executor or administrator that a license from the Probate Court is necessary.

*The pro forma decree is reversed, and cause remanded;, with mandate.*