Sanford, J.
Under our judicial system it is supposed that “ the interests of justice can not be upheld, and-the administration of justice can not go on, without the assistance of men skilled in jurisprudence, in the practice of the courts, and in those matters affecting rights and obligations which form the subjects of all judicial proceedings.” For this reason *it is that communications made to attorneys, Ac., [ *175 ] are protected from disclosure in court, and not because they are confidential. No such protection is given to communications made to the members of any other profession. Barnes v. Harris, 7 Cush., 577.
It is obvious that professional assistance would be of little or no avail to the client, unless his legal adviser were put in possession of all the facts relating to the subject matter of inquiry or litigation, which, in the indulgence of the fullest confidence, the client could communicate. And it is equally obvious that there would be an end to all confidence between the client and attorney, if the latter was at liberty or compellable to disclose the facts of which he had thus obtained possession ; and hence it has become a settled rule of evidence, that the confidential attorney, solicitor or counselor can never be called as a witness to disclose papers committed or communications made to him in that capacity, unless the client himself consents to such disclosure.
The rule also, like the reason of it, extends to interpreters, and to clerks and agents employed by the attorney, Ac. in the business committed to his charge, but extends no further. Its operation is to exclude material evidence from the consideration of the triers, and it ought not to be extended beyond the reason on which it rests.
But, as the protection it affords is the privilege of the client, he may renounce or waive it at his pleasure.
No reason of necessity requires that any witness (save an interpreter,) should ever be present at a consultation between the client and his attorney, and if the client procures or submits to the presence of such a -witness, he voluntarily confides his secrets, not to his attorney only, but also to the witness, in whose custody the law can not protect them when the'interests of justice require that they should be disclosed. 2 Stark. Ev., 230. 1 Greenl. Ev., sec 239. 1 Phil. Ev., 162. Gainsford v. *144 Grammar, 2 Camp., 9. Jackson v. French, 3 Wend., 337. Hatton v. Robinson, 14 Pick., 416.
In the case before the court, the consultation was held in the presence of a witness in no way connected with the [ *176 ] case *or with the parties, whose presence was unnecessary, whose services were in no way appropriated, and who had no interest in, or connection with, the professional business of the attorney. The facts communicated in that consultation were voluntarily communicated to the witness as well as to the attorney. The rule which enjoins the attorney’s silence does not extend to such a witness, and the court below erred in refusing to hear his testimony. It is not our duty to promulgate any opinion of the conduct of the witness. The moral sense of almost every man will indicate truly the line of duty and propriety in such a case as this. To such protection as that moral sense affords, the party must be referred. We can only administer the law as it is.
2. This error was not cured by the reception of the evidence afterwards introduced and submitted to the jury. The declarations or admissions proved, were made at another time and under different circumstances from those which were rejected ; the former, in a mere casual conversation between a relator, who then had no specific object in stating the facts fully and carefully, and a hearer who had no interest in retaining in his memory the facts communicated; thq latter, in a consultation between clients and their attorney, with a view to the institution of legal proceedings to obtain redress for supposed injuries received ; and the objects in contemplation, the interests of the parties, and all the exigencies of the case and of the occasion, required that that statement should be full, deliberate and exact. Hence the declarations and statements made at the consultation would have been entitled to more consideration, and . would probably have had more weight with the jury, than those made in the conversation.
But the defendant would have been entitled to the evidence, even if, in both instances, the declarations or statements had been made under circumstances exactly alike. The parties making these statements had testified for the plaintiff. The defendant sought to impeach their testimony by proof that they had made declarations at variance with it out of court. Now the mere repetition of the same statement affords some [ *177 ] *evidence of the sincerity of the party making it, or of his disregard of the obligations of veracity. The suggestion of the witness, that the same declarations were made to him after, as to the attorney during, the consultation, is un *145 important, because all evidence of what was said at the consultation had been explicitly excluded by the court, and it is not to be supposed that the jury could have been in any degree influenced by such an uncalled for, not to say impertinent, interposition of the witness.
For these reasons the defendant is entitled to a new trial.
In this opinion the other judges concurred.
New trial advised.