LUCIUS JACKSON *vs.* THE NEW MILFORD TOLL BRIDGE
COMPANY.

Where a justice court, after rendering judgment, is finally adjourned, and no appeal is taken or notice of an appeal given, the right of appeal is gone.

It will not be presumed, from the mere fact that the justice afterwards allowed an appeal, that the court was adjourned to that time.

The act of 1866 provides that where a judgment shall have been rendered by a justice court with a jury for less than thirty-five dollars, no appeal shall be allowed. Whether, where a plaintiff claims in his writ more than thirty-five dollars and the jury render a verdict for the defendant, he can appeal: *Quære.*

ACTION on the case, tried before a justice of the peace and a jury under the act of 1866, the writ claiming fifty dollars damages. The jury rendered a verdict for the defendants and an appeal was moved for by the plaintiff and allowed by the justice, and the case brought to the superior court in Litchfield county.

The record of the judgment and appeal by the justice was as follows :—

"At a justice court held at New Milford, in the county of Litchfield, on the 18th day of February, 1867, present Charles B. Camp, justice of the peace for said county, holding said court—Lucius Jackson, of New Milford, against the New Milford Toll Bridge Company, located at said New Milford ; in an action on the case demanding fifty dollars damages, with costs, as per writ on file, dated January 30th, 1867. The parties appeared and were at issue on a question of fact, as on file, and thereupon the defendants moved for a jury to try said cause. * * * * The jury, after hearing the evidence, arguments of counsel and charge of the court, brought in a verdict for the defendants; as on file, which verdict is accepted by this court and judgment is rendered for the defendants, and that they recover of the plaintiff their costs, taxed at $63.98, as on file, and that execution issue for the same accordingly. At a subsequent meeting of the par-

ties before me on the 25th day of February, 1867, for the pur-
pose of considering a bill of exceptions, the plaintiff, having
previously, on the 18th day of February, 1867, talked of the
same, moved for an appeal to the superior court, to be held
at Litchfield, within and for the county of Litchfield, on the
second Tuesday of April, 1867, and offers sufficient bonds for
prosecution, which appeal is now allowed, and the said Lucius
Jackson as principal, and Levi S. Knapp, of said New Mil-
ford, as surety, are recognized to the adverse party in the
sum of one hundred dollars, conditioned that the appellant
shall prosecute this appeal to effect and answer all damages
in case he fail to make his plea good. CHARLES B. CAMP,
*Justice of the Peace.*"

In the superior court the defendants filed the following plea
in abatement :—

"The appellees in court pray judgment of said appeal, that
the same may abate and be dismissed, and they no longer
held to answer the same, because they say that the appellant
brought his said action before Charles B. Camp, Esq., justice
of the peace for said county, pursuant to an act entitled 'An
act in alteration of an act relating to justice courts,' approved
June 30th, 1866, demanding fifty dollars damages and costs ;
and an issue in fact being joined before said justice court,
said cause was tried by a jury, as provided by the second sec-
tion of said act ; and the issue being found for the defendants
by the jury, judgment was by said justice court rendered
thereon for the defendants to recover of the plaintiff their
costs, taxed and allowed at $63.98 ; all which, by the files and
records of said justice court into this court brought by the
appellant, at large appears. Wherefore and because the
judgment so rendered was in favor of the defendants, and was
only for costs of suit, and for no debt or damage whatever,
the defendants say that said judgment is final and no appeal
allowable therefrom. Wherefore they pray judgment that
said appeal abate and be dismissed.

"And for further ground of abatement the appellees in
court pray judgment of said appeal, that the same may abate
and be dismissed, and they be no longer held to answer the

same, because they further say that said appeal was moved for and allowed a long time after said case was closed and finished by said justice and said judgment rendered, and a long time after the right to appeal had expired, to wit, one week after said case had been closed by said justice, and said judgment rendered, and such right to appeal had expired; whereas said appeal should have been taken at the rendition of said judgment. All which, by the files and records of said justice court, into this court brought by the appellant, at large appears. Wherefore they pray judgment that said appeal abate and be dismissed.''

To this plea the plaintiff demurred, and the questions arising on the pleadings were reserved for the advice of this court.

*H. S. Sanford* and *McMahon,* in support of the demurrer.

*O. S. Seymour* and *Turrill,* contra.

CARPENTER, J. This case was tried to a jury before a justice of the peace, a verdict was returned in favor of the defendants, and judgment rendered for them to recover their costs, on the 18th day of February, 1867. On the 25th day of the same month, without any adjournment of the court to that day, the plaintiff moved for an appeal to the superior court, which motion was allowed. The defendants now plead in abatement to the appeal on two grounds. 1. That the judgment before the justice was for less than thirty-five dollars, and consequently the statute of 1866 denies the right of appeal. 2. That at the time the appeal was allowed the court that tried the cause had ceased to exist, and therefore the justice had no power to allow the appeal. To this plea there is a demurrer.

One question raised and discussed in this case was settled by this court in the case of *Curtiss v. Gill,* ante, page 49. We there held that the word "judgment," as used in the statute, was limited to the debt or damages, and did not include costs. The question is now presented, whether the

plaintiff is not entitled to an appeal, on the ground that the judgment rendered in favor of the defendants is, in effect, a judgment against the plaintiff for the full amount of his claim, which was fifty dollars.

It is unnecessary for us to determine this question, as we are all satisfied that the appeal must be dismissed for the second cause stated in the plea in abatement. It has been the uniform understanding of the profession that an appeal from the judgment of a justice of the peace must be taken while the court which rendered the judgment remains in session. And such has been the practice. If, after the judgment is rendered, the parties and the justice separate, without any adjournment, and without any notice of an appeal, the right to an appeal must be considered as waived. In this case judgment was rendered on the 18th day of February. There was no adjournment of the court to a given day, and no notice given of an intention to appeal. One week afterwards the parties were together for another purpose, when the plaintiff moved for an appeal, and the justice allowed it. We think it was too late. If an appeal may be allowed one week or one day after the final adjournment of the court, we see no reason why it may not be allowed at the expiration of a month, or even a longer period of time. Meanwhile the successful party may have taken out an execution, and, after collecting it, or while attempting to do so, may find that the judgment on which it rests has been vacated by an appeal. The evils resulting from such a practice are too obvious to require discussion.

It was suggested that the court will presume an adjournment from the mere fact that the justice allowed the appeal. We see no ground for such a presumption. The proceedings of a justice court are recorded. If there was an adjournment in fact, why does not the record show it? If it stated that a court was held on the day the appeal was allowed, we might, perhaps, presume an adjournment. But in the absence of any such statement, there being no allusion to an adjournment, the presumption is that there was none. An adjournment cannot be inferred from the fact that the parties

and the justice were together for the purpose of considering a bill of exceptions, as it was not necessary that the court should be kept in existence for that purpose. A bill of exceptions is made a part of the record, and the records of justice courts are usually made up after the final adjournment of the court.

In addition to this, the allegation of the plea is, "that said appeal was moved for and allowed a long time after said case was closed and finished by said justice and said judgment rendered, and a long time after the right to appeal had elapsed and expired, to wit, one week after said case had been closed by said justice, and said judgment rendered, and such right to appeal had expired." This allegation is admitted by the demurrer to be true, and the record of the justice is not inconsistent with it.

For these reasons we think the appeal was improperly allowed, and that the plea in abatement is sufficient. The superior court is advised to render judgment accordingly.

In this opinion the other judges concurred.