### MAJOR G. SMITH *vs.* SAMUEL W. MOORE.

A justice of the peace in recording his judgments acts as a ministerial officer, and mandamus will lie from the Superior Court, at the instance of a party aggrieved, to compel him to make a true record of a judgment rendered by him, and to furnish a copy to such party when properly demanded, and the Superior Court has jurisdiction to determine whether such record or copy is correct.

PETITION FOR A MANDAMUS to compel the respondent, a justice of the peace, to make a true record of a judgment rendered by him, and to furnish the petitioner a copy.

The petition was brought to the Superior Court for Tolland county, which issued an alternate mandamus, to which the respondent replied that he had made a true record of the judgment, and furnished the petitioner a copy, on which issue was joined.

The court found the following facts, and reserved the case for advice.

On the 10th day of August, 1867, Merrick A. Marcy, of Union, in the county of Tolland, brought an action of trespass against the petitioner, Major G. Smith, of Union, returnable on the 27th day of said August, before the respondent, Samuel W. Moore, then a justice of the peace having jurisdiction

VOL. XXXVIII.—14

of the parties and action; on the return day of the action both parties appeared, and the cause was legally continued till the 29th day of August, 1867, when the parties again appeared, and the pleadings were closed and issue joined between them, and trial was then and there had before the justice, who, having heard the parties and their testimony, found the issue for the defendant and against the plaintiff, and thereupon rendered judgment in favor of the defendant, and that he recover of the plaintiff his costs. Said judgment is still in full force, and has never been annulled, vacated, or set aside.

On the 30th day of August, 1867, Merrick A. Marcy brought another action of trespass against Major G. Smith, the petitioner, returnable before French Crawford, Esq., a justice of the peace, who had jurisdiction of the parties and action, on the 5th day of September, 1867. The last mentioned action was for the committing of the very same trespass and wrongful acts for which the first mentioned action was brought by Marcy against the petitioner, returnable before and tried by the respondent Moore, as aforesaid.

On the return day of the writ in the action before justice Crawford, the parties appeared before him, and the trial of the same was legally continued by the justice till the 23d day of September, 1867, on which day the parties again appeared, and the defendant, the petitioner, pleaded the judgment so rendered as aforesaid by the respondent Moore, in bar, to which the plaintiff replied in a plea of "*nul tiel record*," and issue was thereon joined, and trial was then and there had before justice Crawford, who, having heard the parties and their testimony, found the issue for the plaintiff and against the defendant, and thereupon rendered judgment in favor of the plaintiff, that he recover of the defendant the sum of $50 damages and his costs.

Whereupon the defendant duly moved and was allowed an appeal from said judgment to the Superior Court, then next to be holden at Tolland, within and for the county of Tolland, on the first Tuesday of December, 1867, and the defendant duly filed the affidavit and gave the bond required by law on said appeal.

The appeal was duly entered in the docket of said Superior Court, and is now pending before the same.

On the 23d day of September, 1867, the petitioner requested and demanded of the respondent that he, the respondent, should make and complete a true record of all the proceedings had in the action tried before him, and of the finding and judgment rendered by him as said justice, and that he should make a true and duly authenticated copy thereof, and deliver the same to the petitioner, to be used as evidence on the trial of the action before justice Crawford.

And again, on the 15th day of November, 1867, the petitioner made the same request and demand of the respondent, that he, the petitioner, might plead said proceedings and judgment in bar to the action so appealed from the judgment rendered by justice Crawford to the Superior Court, and that the same might be used in evidence in defence of said action. On said 15th day of November the petitioner paid to the respondent the legal and proper fees for such copy.

The respondent on said 23d day of September, and on said 15th day of November, neglected and refused to make out a true record of all the proceedings had upon said action, and a true record of the finding and judgment as rendered by him on said trial, and to make a true and authenticated copy of a true record of the same, and still neglects and refuses so to do.

The only record that Moore, the respondent, has ever made of the proceedings in said action, and of his finding and judgment therein, after setting out the writ, officer's return and plea, is as follows:

"At a court holden at Union, in Tolland county, on the 27th day of August, 1867, Present, Samuel W. Moore, justice of the peace for said county, holding said court, Merrick A. Marcy, of Union, in said county, plaintiff, and Major G. Smith, of said Union, defendant, in an action of trespass, demanding fifty dollars damage, as per writ on file, dated August 9th, A. D. 1867, the parties appeared, and the plaintiff was nonsuited, or withdrew his case, and paid the cost to defendant.

A true record. by me,

SAMUEL W. MOORE,
*Justice of the Peace.*

Smith *v.* Moore.

TOLLAND COUNTY, SS.—Union, December 2d, 1867. I hereby certify that the within and foregoing is a true copy of the original writ, officer's return, pleadings, and. record of judgment.

          Attest:          SAMUEL W. MOORE,
                              *Justice of the Peace."*

The same is not a true record of the proceedings, or of the finding and judgment in said action as rendered by justice Moore on the trial thereof, nor has any other copy been furnished by the respondent. The respondent refuses to make any other record, or to furnish any other copy.

On the trial the respondent testified as follows :

"I made the remark, that if I have any decision to make it is for the defendant to, recover his costs, and do so decide. I considered the case withdrawn, and before I made this declaration I made no finding upon the merits of the case.

"I so understood it that the case was withdrawn. I made up the record in accordance with, my finding."

On cross-examination on this point, the respondent testified:

"I considered the case withdrawn, and that my only duty was to render judgment for costs. I didn't understand the meaning of the word non-suit at the time; the word non-suit was not used at the time of trial by any one. I did not decide at the time that the case was non-suited, or withdrawn ; I was not asked to non-suit the plaintiff."

Very much more testimony was introduced by the petitioner upon this point, and the preponderance thereof is largely against the testimony of the respondent, and he did in fact render the judgment as above stated.

*Hyde* and *Davidson*, with whom was *Marcy*, for the petitioner, cited *Carpenter* v. *County Commissioners of County of Bristol*, 21 Pick., 258 ; *Morse, Petitioner, &c.*, 18 id., 443 446 ; *Chase* v. *Blackstone Canal Co.*, 10 id., 244 ; *Boston Turnpike Co.* v. *Town of Pomfret*, 20 Conn., 590, 598 ; *Weed* v. *Weed*, 25 id., 337.

*West* and *Fairfield*, for the respondent, cited *Fox* v. *Hoyt,*

12 Conn., 491 ; *Nichols* v. *Heacock*, 1 Root, 286 ; *Foot* v. *Cady*, id., 173 ; *Nustick* v. *Jones*, id., 459 ; *Waldo* v. *Spencer*, 4 Conn., 71 ; *Holcomb* v. *Cornish*, 8 id., 380 ; *Perrin* v. *Sykes*, 1 Day, 19 ; *State* v. *Noggle*, 13 Wis., 380 ; *Arberry* v. *Beavers*, 6 Texas, 457 ; *Hull* v. *Supervisors of Oneida County*, 19 Johns., 259 ; *Gray* v. *Bridge*, 11 Pick., 189 ; *The People* v. *Thompson*, 25 Barb., 73 ; *Dunklin County* v. *District Court*, 23 Mo., 449 ; *Smyth* v. *Titcomb*, 31 Maine, 272 ; *Ex parte Hoyt*, 13 Pet., 279 ; *The People* v. *Judges of Wayne County Court*, 1 Mich., 359 ; *In the matter of James Turner*, 5 Ohio, 542 ; *State* v. *Todd*, 4 id., 351 ; *The Councils of Reading* v. *Commonwealth*, 11 Penn., St. R., 196 ; *Smith* v. *Trawl*, 1 Root, 165 ; *American Asylum* v. *Phœnix Bank*, 4 Conn., 172. *Ex parte Goolsby*, 2 Gratt., 575 ; *Dixon* v. *Judge of Second Judicial Circuit*, 4 Mo., 286 ; *Board of Police of Ottawa County* v. *Grant*, 9 S. & M., 77 ; *Ex parte Williamson*, 3 Ark., 424 ; *Chase* v. *Blackstone Canal Co.*, 10 Pick., 246.

PARK, J.   A justice of the peace is a judicial and ministerial officer.   He performs judicial duty in the trial of causes, and ministerial duty in recording his judgments.   He is both judge and clerk of his courts.   His duties as recording officer are similar in every respect to those performed by the clerks of the higher courts.   The only difference in the cases consists in the sources of knowledge that they have of the judgments that have been rendered which they are required to record.   The one has primitive, and the other derivative knowledge.   The one knows because he was judge, while the others rely upon information derived from the judge, or upon the correctness of their understanding what the judgment was in hearing it pronounced.   But difference in the sources of knowledge, in this respect, makes no difference in the character of the duties they perform. They all are merely recording officers, and should be subject to similar rules.

Now it is well known that the Superior Court corrects its records, when the clerk through inadvertence has made a mistake.   If the error is discovered at the term of the court in which the judgment was rendered, the record is corrected by

direction of the court, without any formal application for the purpose. But if the term has expired before the mistake is ascertained, then the correction is made by a formal application to the court; but, in either case, the power of the court to make the correction is never questioned. *Weed* v. *Weed et al.*, 25 Conn., 337. The right to correct the record involves the right to ascertain what the record ought to be that needs correction. Suppose in such a case the clerk should be perverse, and refuse to obey the direction of the court to make the necessary correction; no one would question the power of the court to compel him by mandamus, or otherwise, to obey the decree of the court.

This authority was recognized in the case of *The Boston Turnpike Co.* v. *The Town of Pomfret*, 20 Conn., 590. That case further recognizes the doctrine that the Superior Court may by mandamus compel a town clerk to correct the records of the town that the court finds to be incorrect. The court say, " the law further provides a most effectual remedy for any errors in their records, (to wit, the towns'), whether arising from design, mistake, or accident, by the writ of mandamus, by means of which these errors may be corrected, on the application of any person interested; so that, whatever may be the conduct, or disposition of the clerk, it is not at his option, either as to his first entries or subsequent alterations, to determine how the record shall ultimately stand."

It seems to us that the same principle applies to a justice of the peace acting in the capacity of a clerk of his court. Should he refuse to make a record of a judgment rendered by him, or give a copy of a record when properly demanded and his fees tendered, mandamus would lie at the instance of the party aggrieved to compel him to make the record in the one case, or give a copy of it in the other. This is not denied, but the claim is that the justice has the right to determine absolutely whether the record that he sees fit to make in the one case, or the copy of a record that he sees fit to give in the other, is correct; and the Superior Court has no right to review that question. The claim is that a record, or a certified copy of a record, imports verity, and a review of the question

by the Superior Court would infringe this principle. This claim would apply with equal force to the correction of the records of towns, or of the Superior Court, but the cases cited have determined otherwise. It is true they import verity, and the reason why it is found necessary to correct them when they do not state the truth, arises from this fact. Deeds and other instruments in writing import verity, and cannot be attacked collaterally, but still it is every day's business to correct them when they are erroneous.

Again, it is said that the act of a justice in making a record is a judicial act, and therefore mandamus will not lie to control his discretion. We have already considered this question to some extent. It is manifest that the act partakes no more of a judicial character, than does the act of the clerk of a town, or of the Superior Court, in performing similar service. The record is made after the judgment has been rendered, and it sometimes happens that a considerable period of time intervenes before this duty is performed.

Again, it is said that mandamus will not lie where there is other adequate remedy, and the petitioner has such remedy, if his claim is correct, in an action for damages against the respondent.

Whether an action would lie if the respondent has acted in good faith in this transaction, may well be questioned; but it is unnecessary to determine the question, for we are satisfied, if the record of the respondent's court is incorrect, the petitioner has the right to have it corrected, so that he may prove his special plea in bar in the suit pending against him in the Superior Court, for the same cause and thing adjudicated in the respondent's court. And furthermore, there is nothing in the case that tends to show that the respondent is able to respond in damages, should judgment be rendered against him; and there is therefore no foundation for the claim that the petitioner has other adequate remedy.

We advise the Superior Court to issue the mandamus.

In this opinion the other judges concurred.