TREADWELL *v.* WILSEY.

FRAUDULENT CONVEYANCES.
> A conveyance by a husband, liable as an indorser upon promissory notes, to his wife, without sufficient consideration, for the purpose of covering up the property, and keeping it beyond the reach of creditors, will be set aside as fraudulent.

Appeal from Washtenaw; Kinne, J. Submitted October 6, 1896. Decided November 17, 1896.

Bill in aid of execution by Edward Treadwell and Noah W. Cheever, executors of the last will and testament of Hiram Arnold, deceased, against Joseph Wilsey, Orpha Wilsey, and Mary P. Lawson. From a decree for complainants, defendant Orpha Wilsey appeals. Affirmed.

*Noah W. Cheever*, for complainants.

*A. J. Sawyer*, for appellant.

LONG, C. J. This was a bill filed in aid of execution. The judgment was against Joseph Wilsey for the sum of $548.90, including costs. It appears that he was the owner of 140 acres of land at the time the indebtedness arose for which the judgment was recovered. He had, from time to time, signed notes for a nephew to about the sum of $3,000, and, soon after this, he made two mortgages,—one to defendant Mary P. Lawson for $2,150 upon 50 acres of the land, and one to his wife, Orpha, for $2,000 upon another 50 acres. This was in 1893. In 1894 he made deeds covering these same lands to the mortgagees in the mortgages named, his wife joining with him in the deed to Mary P. Lawson. The bill was filed for the purpose of setting aside these deeds and mortgages as fraudulent against creditors. It appears

that, at the time of the execution of these several instruments, all the defendants were cognizant of the fact that the notes signed by Joseph Wilsey with his nephew were outstanding. The testimony was taken in open court, and the court found a sufficient consideration for the deed to Mary P. Lawson, but set aside the deed and mortgage given by Wilsey to his wife. The latter appeals.

We have examined the record with great care, and are unable to find any substantial reason for setting aside the decree made by the court below. That court was of the opinion that no sufficient consideration was ever paid by the defendant Orpha Wilsey to warrant this conveyance, but that the same was given for the purpose of covering up the property, and keeping it beyond the reach of creditors. We concur in those views, and the decree below will be affirmed, with costs.

The other Justices concurred.