EMILY F. SPENCER *vs.* WILLIAM F. BROUGHTON.

Second Judicial District, Norwich, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A party who gives notice of an appeal from a judgment of a justice of the peace, upon its rendition, is entitled to a reasonable time in which to procure a bond.

The mere taking of the recognizance, the allowance of the appeal, and the making up of the record, are clerical acts which may be performed after the adjournment of the court and within a reasonable time before the next return day of the appellate court.

The case of *Jackson* v. *New Milford Toll Bridge Co.*, 34 Conn. 266, distinguished.

Appealing from the judgment of a justice of the peace to the proper court, but to an unauthorized return-day, is at most a mere irregularity which can be taken advantage of only by plea in abatement seasonably filed ; otherwise the defect is waived.

General Statutes, § 4868, requires that a sale by a retail dealer of his entire stock in one transaction and not in the regular course of business, shall be recorded, and § 4864 makes a like requirement in

respect to conditional sales. *Held* that the purpose of these en-
actments was to prevent fraud, and not to change the law as to the
effect of the retention of possession by a vendor after a sale.

Argued April 26th—decided June 14th, 1904.

ACTION of replevin, brought before a justice of the peace
and thence by the defendant's appeal to the Court of Com-
mon Pleas in New London County, where the plaintiff's mo-
tion to erase the cause from the docket and his plea to the
jurisdiction were overruled (*Noyes, J.*), and the cause was
afterward tried to the court; facts found and judgment ren-
dered for the defendant, from which the plaintiff appealed.
*No error*.

*Abel P. Tanner* and *Herbert W. Rathbun*, for the appel-
lant (plaintiff).

*Seneca S. Thresher* and *Albert Denison*, for the appellee
(defendant).

HALL, J.  This action was originally brought before a
justice of the peace to recover possession of a cash register
and its contents, of the alleged value of $75, claimed to be
the property of the plaintiff and to have been unlawfully
detained by the defendant, under the following circum-
stances : —

In the fall of 1900, H. Jerome Spencer borrowed of the
plaintiff, his mother, $500, with which he purchased the
stock and fixtures—including said cash register—of a meat-
market, thereafter conducted by him in the village of Mystic,
for a short time under his own name and afterwards, and at
the time of the occurrences hereinafter described, under the
name of " Mystic Cash Market."

On May 1st, 1902, said H. Jerome Spencer having—in
addition to said indebtedness to his mother—become in-
debted to his merchandise creditors in about the sum of
$400, some of whom were pressing him for payment, and
while having no other property than that in his market,
executed a bill of sale of all his property, including the

register in question, to his mother. The consideration stated in the bill of sale was $500, and it described the property sold, and was acknowledged and recorded as required by § 4868 of the General Statutes.

After the execution of the bill of sale there was "no actual or visible change of possession, and said H. Jerome Spencer continued in the possession of the store and managed and conducted the business under the same name and in the same manner . . . as before," until the 14th of August, 1902, when the defendant, a deputy sheriff, attached said cash register as the property of said H. Jerome Spencer, in suits by certain of his said creditors whose claims were due when said bill of sale was executed.

The present action was heard and decided by the justice in favor of the plaintiff, on the 27th of August, 1902, and the defendant thereupon gave notice of his intention to appeal. The justice having informed defendant's attorney that a bond would be required, he replied that it would be furnished, but the court adjourned without any time having been fixed for the furnishing of such bond, and the appeal bond was not furnished and taken by the justice until a few days after such adjournment.

The appeal by the defendant from the judgment of the justice was taken and allowed " to the next Court of Common Pleas for New London County, on the first Tuesday of October, 1902," as required by § 683, General Statutes of 1888, instead of to the next return-day of said court on the first Tuesday of September, 1902, as required by §§ 540 and 567 of the General Statutes of 1902.

The appeal was duly entered on the docket of said Court of Common Pleas on said first Tuesday of October, 1902, and the parties appeared, and in October and November, 1903, the plaintiff's attorney filed two written motions asking that the appeal be dismissed and the case be erased from the docket, upon the ground that the appeal was not properly taken and allowed.

The trial court denied these motions, and also overruled the plaintiff's claims, made at the trial, that the court had

no jurisdiction over the cause, and that all the requirements of said § 4868 having been complied with in making the sale to the plaintiff, it was valid against the creditors of the vendor notwithstanding such retention of possession of the property by the vendor.

The rulings and final judgment of the trial court are clearly justified by the facts above recited. The law gave the defendant the right of appeal from the judgment of the justice. Having given notice of appeal at the proper time and in the proper manner, he was entitled to a reasonable time to provide the bondsman on his appeal. *Chesebro* v. *Babcock*, 59 Conn. 213, 218. After such notice of appeal had been given, the mere taking of the recognizance, allowing the appeal and making up the record, were clerical acts, which were properly performed even after the justice court had adjourned, provided they were done within a reasonable time before the next return-day of the appellate court to which the appeal could have been taken. *Smith* v. *Moore*, 38 Conn. 105, 111 ; *Taylor* v. *Gillette*, 52 id. 216, 218.

The ground upon which the plea in abatement was sustained in *Jackson* v. *New Milford Toll Bridge Co.*, 34 Conn. 266, was that no notice of appeal was given before the adjournment of the justice court, and that the motion for an appeal was made and allowed a long time thereafter.

The defect in the appeal from the mistake in the return-day was cured by Public Acts of 1903, p. 192, § 22.

As the appeal was taken to the right court, the facts found, even if they rendered the appeal defective, did not affect the jurisdiction of the appellate court. The method of taking the appeal was at the most a mere irregularity, which could only have been taken advantage of by a plea in abatement, and was waived by the plaintiff by appearing and permitting the case to remain in court for more than a year without objection. *Ives* v. *Finch*, 22 Conn. 101, 107.

The purpose of the provisions of § 4868, like those of § 4864 requiring conditional sales to be acknowledged and recorded, was to prevent fraud, not to render sales lawful which were before deemed fraudulent; *Walp* v. *Mooar*, 76

Conn. 515, 521 ; and the provisions of neither of said sections were intended to change our law as to the effect of the retention of possession by a vendor of personal property after its sale. *Cohen* v. *Schneider,* 70 Conn. 505, 510.

There is no error.

In this opinion the other judges concurred.