MARGARET E. KAUTZ

*vs.*

ETTA E. SHERIDAN and LYNDON S. WALDRON.

Cumberland.    Opinion January 28, 1919.

*Equity.    Right to equitable remedy for fraudulent transfer.    Rule where the obligation has not matured.    Rule where credit has been obtained by fraud.    General rule as to necessary conditions before granting an injunction.*

The plaintiff, holding a note of one defendant, maturing June 1, 1918, began on January 10, 1918, a bill in equity alleging that her debtor had transferred her property to the other defendant, praying that such transfer be declared null and void and that an injunction issue against both defendants restraining further conveyance of the property.

*Held:*

1.   The holder of a matured obligation has his equitable remedy in case of a fraudulent transfer of his debtor's property.   He need not first reduce his claim to judgment.   His remedy exists notwithstanding at the time of the fraudulent transfer his claim was unmatured or even contingent.   But the mere fact that a debtor has fraudulently transferred his property will not justify the beginning of a suit either at common law or in equity before the debt is due.

2.   In the absence of a statute otherwise directing, the extraordinary remedy of an injunction will not be granted, save for the protection of legal rights adjudicated and settled, or in cases where great and irreparable damage is threatened.

Bill in equity asking that a certain bill of sale given by one of the defendants to the other be declared null and void, and further that the said defendants be enjoined from disposing of the property mentioned, in said bill of sale.   Cause was heard upon bill, answer, replication and evidence, and by agreement of parties was reported to Law Court.   Judgment in accordance with opinion.

Case stated in opinion.

*Hinckley & Hinckley,* for plaintiff.

*Harry E. Nixon,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

DEASY, J.   In this case the plaintiff, a creditor, praying for relief in equity says that the female defendant, her debtor, has fraudulently and without consideration transferred all her property to the other defendant.   Stated thus it would seem like an ordinary creditor's bill where the equitable remedy is appropriate and often applied. But this case presents two unusual features:   The obligation upon which the plaintiff bases her bill had not matured when the suit was brought and she prays not that present payment be compelled but that ultimate payment, rendered precarious by the transfer, be in a manner secured.

The cause above merely outlined may be stated more fully thus: On December 1, 1917, the defendant, Etta E. Sheridan, whose sole property consisted of the furnishings of a lodging house, borrowed of the plaintiff $260, and gave therefor her promissory note, payable in six months, and therefore maturing June 1, 1918.   On or about December 27, 1917, said defendant gave a bill of sale of said furnishings to the other defendant, Lyndon S. Waldron, who took possession of the same and removed them to his own premises.   This conveyance was dated December 1, 1917, and was recorded December 29, 1917.

On January 10, 1918, more than four months before the note became due, the plaintiff brought this bill in equity against both defendants alleging fraud in and want of consideration for the conveyance, praying that it be declared null and void and that an injunction issue restraining both defendants from disposing of the property.

The holder of a matured obligation has his equitable remedy in case of a fraudulent transfer of his debtor's property.   R. S., Chap. 82, Sec. 6, paragraph XI.   He need not first reduce his claim to judgment, *Donnell* v. *Railrcad Company*, 73 Maine, 567.   His remedy exists notwithstanding at the time of the fraudulent transfer his claim was unmatured or even contingent.   *Hcwe* v. *Ward*, 4 Maine, 195; *Whitehouse* v. *Bolster*, 95 Maine, 460.

But the mere fact that a debtor has fraudulently transferred his property will not justify the beginning of a suit either at common law or in equity before the debt is due.   *Wildasen* v. *Long*, (W. Va.) 82

S. E., 205; *Frye* v. *Miley* (W. Va.) 46 S. E., 135; *Simon* v. *Ellison,* (Va.) 22 S. E., 860; *McDuffie* v. *Lynchburg, etc., Co.* (Ala.) 59 So., 567; *England* v. *Adams,* 157 Mass., 451; 20 Cyc., 430.

Where credit is obtained through fraud the equitable remedy need not await the expiration of the term of such credit. In the case at bar, however, the defendant, Waldron, against whom relief is mainly sought was not concerned in the original credit transaction.

There is evidence tending to show that Waldron received a conveyance of Mrs. Sheridan's property without consideration and for a fraudulent purpose. Waldron denies this and says that he purchased the property in good faith and for value.

But assuming the testimony of the plaintiff and her witnesses to be true and disregarding that of the defendant we hold that this equitable proceeding is premature and, therefore, not maintainable.

The plaintiff prays for an injunction. In the absence of a statute otherwise directing, this extraordinary remedy will not be granted save for the protection of legal rights adjudicated and settled or in cases where great and irreparable damage is threatened. No proof or allegation in this case justifies the issuance of an injunction.

Mrs. Sheridan is said to be impecunious. Nothing in the case, however, shows or suggests that the defendant, Waldron, is other than financially responsible. If he be responsible and if the facts are as the plaintiff claims, R. S., Chap. 115, Sec. 77, provides a legal remedy that may be abundantly adequate.

For reasons above stated the bill must be dismissed. Moreover, we have carefully read and weighed the testimony offered on both sides and are not satisfied that the plaintiff has sustained the burden of proving her allegation of fraudulent conveyance.

*Bill dismissed with one bill*
*of costs.*