PHILIP TRACHTEN *vs.* JACOB BOYARSKY ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

466

Argued January 5th—decided March 4th, 1937.

*George W. Crawford,* for the appellant (plaintiff).

*Benjamin Slade* and *Louis Weinstein,* for the appellees (defendants).

HINMAN, J.   In addition to recovery upon a note for $1862.70 of the defendants Jacob and Sarah Boyarsky to the plaintiff, as to which judgment was rendered in his favor, the plaintiff claimed, by way of equitable relief, reconveyance of certain property alleged by him to have been fraudulently conveyed by these defend-

ants. His appeal relates to the denial of this relief. The note, which was dated September 7th, 1935, was given to cover a balance due from the Boyarskys to the plaintiff upon items, set forth on the back of the note, consisting of four notes of $300 each, one note of $1060, and another item of $103.35, followed by the statement "Payee does not waive any legal or equitable rights he has or had against both makers." The finding states that the first four notes so listed represent loans to persons other than the defendants upon two of which Jacob Boyarsky was an indorser; the item of $1060 was a balance on a series of loans made to Sarah Boyarsky, and the $103.35 represented money collected by her for rents of premises on which the plaintiff held mortgages. The note in suit was given to obtain a release of an attachment and the abandonment of an action brought by the plaintiff against the Boyarskys.

For a long time Jacob Boyarsky had conducted a store for the sale of shoes, dry goods, wearing apparel and similar merchandise, known as "Boyarsky's Shoe Store" and as "Boyarsky's Store," in a building in Wallingford owned by Mrs. Boyarsky. In July, 1933, David Shein, Mrs. Boyarsky's brother, obtained judgment by default against both Jacob and Sarah Boyarsky for $4286.93 found to be due on their joint and several promissory note. In that action Shein had garnisheed a certificate of deposit in Mrs. Boyarsky's name in one of the Wallingford banks. On August 30th, 1933, as a result of a conference of interested parties, there was given to Shein a joint note of Jacob and Sarah Boyarsky for $4450 secured by a third mortgage on the store premises and the garnishment was released. On October 2d, 1933, the mercantile business was incorporated under the name of "Boyarsky's Incorporated," the incorporators being Shein, Jacob

Boyarsky, and Michael T. Downes, the attorney who prepared the incorporation papers. Upon organization fifty shares of stock, par $100, were issued—thirty shares to Shein, ten to Jacob Boyarsky and ten, temporarily, to Downes. This stock was paid for by conveyance by Jacob Boyarsky to the corporation of the stock, fixtures and good will of his store, the merchandise being appraised and received at a valuation of $5262.61. On October 4th, 1933, Jacob Boyarsky executed and delivered a bill of sale thereof to the corporation, which was recorded November 2d. Subsequently, by direction of Jacob, Downes transferred the ten shares of stock issued to him to Hannah and Samuel Boyarsky, minor children of Jacob, five shares to each, and of the ten shares issued to Jacob nine were subsequently transferred by him to a relative. Shein received, in addition to the thirty shares of stock, the joint note of Jacob and Sarah for $1450 and surrendered the prior note for $4450 and released the mortgage securing it. The trial court found that the property delivered by Jacob to the corporation was of the full value at which it was taken, that the thirty shares issued to Shein were so issued for full and valuable consideration, and that the five shares transferred to Hannah were to repay her for money loaned to her father, Jacob.

On November 4th, 1933, Jacob Boyarsky deeded to his daughter Hannah an undivided one-half interest in certain real estate in Wallingford. The trial court found that this conveyance was made without consideration and that after it was made no other substantial assets remained in the name of Jacob.

The conclusions reached by the trial court that the transfer by Jacob Boyarsky to the corporation was for a valuable and valid consideration, and that the corporation was a purchaser for value and not party to

any fraudulent transaction, which are assigned as error, have sufficient support from the finding, which is not attacked, to preclude reversal of them as a matter of law. The appellant's claim that the fixtures and good will which were included in the conveyance as well as the merchandise detailed in the directors' statement of property received in payment for stock were transferred without consideration apparently is made for the first time in his brief on this appeal. However, the plain implication from the facts found is of an intention to transfer the entire store to the corporation, and it does not follow, merely from the failure to include these minor items in the directors' statement, that they were not conveyed upon adequate consideration.

The plaintiff's claim that the facts pertaining to the possession and control of the store property after the transfer were such as to constitute retention of possession by Boyarsky is not within the allegations of the complaint or the scope of the prayers for relief. The effect of retention of possession under certain circumstances is to continue the right of creditors of the vendor to attach the property as still belonging to the latter. *Cohen* v. *Schneider,* 70 Conn. 505, 40 Atl. 455; *Spencer* v. *Broughton,* 77 Conn. 38, 58 Atl. 236; *Freedman* v. *Avery,* 89 Conn. 439, 94 Atl. 969. No question of attachment or a right thereto is involved in the present case. The complaint alleged that the property was transferred without consideration for the purpose of avoiding payment to the plaintiff and placing it beyond the reach of legal process, and the prayers were for equitable relief by way of a retransfer of the property to Boyarsky and subjection of it to a lien in favor of the plaintiff.

As to the conveyance by Jacob to his daughter Hannah, while it is found that it was made without

consideration and left no substantial assets remaining in his name, the trial court evidently regarded the further fact found that at the time of the conveyance his only obligation to the plaintiff was his contingent liability as indorser on two notes, which were not shown to have been then due or in default, as insufficient to constitute the plaintiff such a creditor as to entitle him to have the conveyance set aside. While there are some decisions to this effect, including the New Jersey cases relied upon by the appellee (*Conway v. Raphel,* 101 N. J. Eq. 495, 138 Atl. 691, and cases cited therein), "according to the weight of authority a contingent liability is as fully protected against fraudulent and voluntary conveyances as a claim certain and absolute, and whoever has a claim or demand arising out of a pre-existing contract, although it may be contingent, is a creditor whose rights are affected by such conveyances and can avoid them when the contingency happens upon which the claim depends." 27 C. J. p. 473. "A creditor . . . as to whom a fraudulent conveyance is void, is not necessarily one who has a demand for money which is due . . . Whoever has a claim or demand on a contract in existence at the time when a fraudulent conveyance is made is a creditor within the meaning of the statute, and the holder of a contingent claim is as fully protected by the statute as one that is absolute." 12 R. C. L. p. 492; 71 A. L. R. p. 354; 89 A. L. R. p. 751. Many of the cases in which this principle has been recognized have been actions by an indorser or other surety against the principal debtor. The following are illustrative: *Saunders v. Saunders,* 49 Idaho, 733, 291 Pac. 1069; *Smith v. Young,* 173 Ala. 190, 55 So. 425; *Barnes v. Sammons,* 128 Ind. 596, 27 N. E. 474; *American Surety Co. v. Marotta,* 287 U. S. 513, 518, 53 Sup. Ct. 260; *Kautz v. Sheridan,* 118 Me. 28, 105 Atl. 401; *Choteau v. Jones,*

11 Ill. 300; *Hays* v. *Cyrus*, 252 Ky. 435, 437, 67 S. W. (2d) 503; *Thomson* v. *Crane*, 73 Fed. 327, 331; *Williams* v. *Banks*, 11 Md. 198, 242.

However, the rule is equally applicable in favor of an obligee or payee against an indorser. "The undertaking of an indorser of a negotiable promissory note is sufficient to establish the relation of debtor and creditor within the meaning of the statute against fraudulent conveyances, and he is as much prohibited from making a voluntary conveyance that has the effect to defraud the holder of a note indorsed by him as if he were the principal." *Farmers National Bank* v. *Thomson*, 74 Vt. 442, 448, 52 Atl. 961, 963; *McLaughlin* v. *Bank of Potomac*, 48 U. S. (7 How.) 220, 229; *People's Savings & Dime Bank & Trust Co.* v. *Scott*, 303 Pa. St. 294, 154 Atl. 489; *Crocker* v. *Huntzicker*, 113 Wis. 181, 88 N. W. 232; *Primrose* v. *Browning*, 56 Ga. 369, 372. See also *Queen-Favorite Bldg. & Loan Asso.* v. *Burstein*, 310 Pa. St. 219, 165 Atl. 13; *Pulsifer* v. *Waterman*, 73 Me. 233; *Bowen* v. *State ex rel. Bradbury*, 121 Ind. 235, 23 N. E. 75; *Carlisle* v. *Rich*, 8 N. H. 44; *Treadwell* v. *Wilsey*, 110 Mich. 646, 68 N. W. 1102.

We conclude, therefore, that there was error in overruling the plaintiff's claim of law that, although his claims against Jacob Boyarsky as indorser were contingent at the time of the voluntary conveyance to Hannah, he was a creditor entitled to avoid it when, as appears from the express inclusion of the amount of the notes in that of the note sued upon, liability became absolute, and in denying him that relief. *Second National Bank of New Haven* v. *Harris*, 122 Conn. 180, 184, 187 Atl. 910; *Quinnipiac Brewing Co.* v. *Fitzgibbons*, 71 Conn. 80, 85, 40 Atl. 913; *Pepe* v. *Santoro*, 101 Conn. 694, 697, 127 Atl. 277.

Communications by the defendants to their attorney

relating to the formation of the corporation, a tentative certificate of incorporation which was never completed and filed, and a memorandum pertaining thereto, were properly excluded as privileged communications. *Doyle* v. *Reeves*, 112 Conn. 521, 524, 152 Atl. 882; *Goddard* v. *Gardner*, 28 Conn. 172, 175.

The exclusion of inquiry addressed to Shein on cross-examination as to the consideration for the note upon which he obtained judgment as above related, was within the discretion of the trial court as pertaining to remote collateral matters not within the issues under the pleadings. *State* v. *Wade*, 96 Conn. 238, 248, 113 Atl. 458; *State* v. *Schleifer*, 102 Conn. 708, 724, 130 Atl. 184; *Leonard* v. *Gillette*, 79 Conn. 664, 668, 66 Atl. 502; *Dempsey* v. *Baltimore & O. R. Co.*, 219 Fed. 619, 620; *Nickerson* v. *Gould*, 82 Me. 512, 514, 20 Atl. 86; 1 Wigmore, Evidence (2d Ed.) § 39.

There is error as to the conveyance by Jacob Boyarsky to Hannah Boyarsky, only. The case is remanded to the Court of Common Pleas with direction to amend the judgment by including therein a decree that the interest in the real estate which Jacob Boyarsky conveyed to Hannah Boyarsky be held subject to a lien in favor of the plaintiff for so much of the amount of the judgment as represents the two $300 notes upon which he was indorser at the date of the conveyance.

In this opinion the other judges concurred.