[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO COMPEL (#113)
This is an action for the dissolution of a marriage. Before the court is defendant's motion to compel the production of certain documents by the plaintiff at her deposition. CT Page 9969
There is a brief procedural history. On March 22, 1999, the court granted the motion to compel as to part of the production request. As to the remainder, the court granted production "except as to portions of document (sic) which plaintiff claims are protected from disclosure by attorney-client privilege." "Following the hearing, the plaintiff provided the materials to the court for an in camera review, together with sealed "comments' by counsel concerning his knowledge of circumstances regarding plaintiffs preparation of the materials." See, Order, May 20, 1999. As further reflected in that same order, the court stated that it believed it would be "improvident now for the court to rule on the motion to compel. This is because there is no evidentiary record for this court, or possibly an appeals court, to base a ruling. The court questions whether plaintiffs sealed counsel's `comments' are adequate." Order, Id.
Accordingly, this court held a hearing on plaintiffs motion to compel, on June 4, 1999. A transcript of that hearing is on file, and this court makes reference to it.
There are two preliminary issues for this court to address. There is the issue of whether the court should consider plaintiffs counsel's sealed "comments." The defendant urges that the court should disregard the comments. Defendant's Memorandum of Law re: Plaintiffs Diary and Notes, page 4 (June 11. 1999). This court agrees with the defendant. That was, in fact, the gist of this court's order of May 20, 1999. Therefore, this court does disregard plaintiffs counsel's sealed comments. Second, the parties disagree as to whether the plaintiff has provided a competent record in support of her assertion that the documents at issue should not be produced. The plaintiff did not appear at the hearing on June 4, 1999. Instead, plaintiffs counsel, Attorney Harold Burke, made representations concerning the circumstances of the creation of the documents at issue. The defendant has objected to this procedure primarily on the grounds that the representations of counsel are not evidence. See, Transcript, pp. 5-8 (June 4, 1999); Defendant's Memorandum of Law pp. 1-4 (June 11, 1999). Under the present circumstances, this court believes that Attorney Burke's representations, though unsworn, are competent and sufficient to provide a record on which to base a decision on defendant's motion to compel. This is because "[a]ttorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (Citations omitted) CT Page 9970State v. Webb, 238 Conn. 389, 420 (1996) (trial court accepted counsel's representation that no grounds existed warranting disqualification).
The court then turns to the merits of the motion to compel. The documents requested should be provided absent a valid objection. The plaintiff has asserted as an objection, the attorney-client privilege and the work product rule. It is not necessary for this court to consider the latter objection because of the following ruling.
This court previously ruled, and the parties do not seriously disagree, that the plaintiff, who is asserting the attorney-client privilege, has the burden to establish it. State v. Hanna,150 Conn. 457, 466 (1963); Turner's Appeal, 72 Conn. 305, 317
(1899).
Our Supreme Court recently stated that:
"In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal adviser to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice. Shew v. Freedom of Information Commission, supra, 245 Conn. 157, citing Upjohn Co. v United States, 449 U.S. 383, 390 101 S.Ct. 677, 66 L.Ed.2d 584
(1981). It is undisputed that the privilege was created "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observation of law and administration of justice." Upjohn Co. v. United States, supra, 389. Exceptions to the attorney-client privilege should be made only when the reason for disclosure outweighs the potential chilling of essential communications. "It is obvious that professional assistance would be of little or no avail to the client, unless his legal adviser were put in possession of all of the facts relating to the subject matter of inquiry or litigation, which, in the indulgence of the fullest confidence, the client could communicate. It is equally obvious that there would be an end to all confidence between the client and [the] attorney, if the latter was at liberty or compellable to disclose the facts of which he had thus obtained possession. . . ." CT Page 9971 Goddard v. Gardner, 28 Conn. 172, 174 (1859). Metropolitan Life Insurance Co. v. Aetna Casualty Surety Company, 249 Conn.
The salient facts are that the plaintiff contacted Attorney Burke, in connection with his capacity as an attorney, and for purposes of initial matrimonial counseling, on or about February 27, 1998. Attorney Burke instructed the plaintiff to compile a "history of the marriage" or "chronology" which he intended to use in the course of representing the plaintiff. See, Transcript, p. 9 (June 4, 1999). The plaintiff did that. She continued to compile a diary, admittedly begun prior to her contact with Attorney Burke, through April 13, 1998. The plaintiff has not objected to the production of, and has given the defendant, her diary entries prior to February 27. Following April 13, the plaintiff discontinued the diary medium, and instead began writing "loose notes." Transcript, supra. p. 17, which were of similar ilk to the diary entries. It would defeat the very purpose of the privilege to be more specific.
This court has reviewed the diary entries and the loose notes and finds that they are protected by the attorney-client privilege. "Written communications and documents that are primarily used by the client to communicate confidential matters to his attorney are fully protected by the privilege. That is, the attorney might refuse to testify about the contents of the writing and may also refuse to produce the writing. Tait and. LaPlante's Handbook of Connecticut Evidence. Section 12.5.3(b) (2nd Ed. 1988). Further, "the opposing party cannot destroy the attorney-client privilege by merely claiming a need for the documents." Metropolitan Life Insurance Co., supra, at 57. The defendant was at all times free to, and did apparently, depose the plaintiff. There is no basis for this court to consider a "need" exception to the privilege. Finally, the defendant asserts that the plaintiff has not established a waiver of the privilege. See Defendant's memorandum of law, supra, at p. 4. While it is the plaintiffs burden to establish the privilege, this court does not believe that it is her burden to establish the absence of a waiver. The existence of a waiver should be the burden of the party opposing the privilege, here, the defendant. And while the plaintiff herself did not appear at the June 4 hearing, the defendant could have attempted to compel her appearance by appropriate means. He did not (presumably expecting her to appear voluntarily).
For all of the foregoing reasons, the defendant's motion to CT Page 9972 compel is denied. The subject documents shall remain under seal with this court in the event of a need for appellate review.
So Ordered.
KAVANEWSKY, J.